## JOHN LEWIS v. DUNCAN N. HENNEN et al.

The neglect of the Clerk to issue or the Sheriff to serve the citation of appeal, is not an irregularity imputable to the appellant, who, in such case, will be allowed further time to cite the appellee.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
    *W. S. Upton*, for plaintiff and appellant.    *W. D. Hennen*, for appellee.

MERRICK, C. J. In this case there is a motion to dismiss the appeal. We think this a proper case for the application of section 19 of the Act of 1839.

The appeal was regularly taken and the bond was given in due form. The first citation of appeal was returned not served, on account of the absence of *D. H. Hennen* from the city. The second citation, which was addressed to *Egerton*, appears to have been served upon the defendant *Hennen*. It is true that the petition of appeal does not contain an express prayer for a citation, but the clerk undertook to issue and did issue one, and the appellant is not responsible for the irregular manner in which the Clerk and Sheriff have performed their respective duties. In the language of the statute, it does "not appear that such defect, error or irregularity is imputed to the appellant."

It is no objection to the service of a new citation that more than twelve months have elapsed since the judgment of the lower court was rendered. The order of appeal was obtained, the appeal bond was given, and the transcript was filed, all in due time. The rest is cured by the statute passed since the decision in the case of *Barremore* v. *Bradford*, 10 L. R. 150 was rendered.

It is, therefore, ordered, that this cause be continued until the first Monday of May next, in order that the appellees be cited to answer the appeal taken in this case.