## No. 9333.

THE STATE EX REL. LEON GERSON VS. R. W. RICHARDSON, JUDGE FIFTH DISTRICT COURT, PARISH OF OUACHITA.

When property attached has been sold *in limine* under C. P. 261, the proceeds take the place of the property and still continue to be "property attached," and subject to the right of the defendant to bond "in every stage of the suit," under C. P. 259.

APPLICATION for Mandamus.

*Boatner & Boatner* and *Farrar & Kruttschnidt* for the Relator.

Respondent in *propria persona* and by *Franklin Garrett* and *W. F. & D. C. Mellen.*

The opinion of the Court was deliverd by FENNER, J.

## No. 9933.

THE STATE EX REL. LEON GERSON VS. R. W. RICHARDSON, JUDGE FIFTH DISTRICT COURT, PARISH OF OUACHITA.

Judgments rendered by this Court on the merits of petitions for writs of *mandamus, pro hibition* and the like, are as much *final* judgments as any which it can render, and are, therefore, revisable on applications for a rehearing, seasonably and properly made.

No certified copy can issue, by the clerk, of final judgments which have not become execu. tory. Such copies issue only after the lapse of six judicial days, in the absence of an application for a rehearing or after such has been refused. The contrary opinions in 18 Ann. 113. 21 Ann. 50, overruled.

ON Rule on the Clerk of this Court for Copy of Judgment.

*Boatner & Boatner* and *Farrar & Kruttschnidt* for Plaintiff on Rule.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a rule by relator on the clerk of this Court, to show cause, forthwith, why he should not deliver to him a certified copy of the judgment herein rendered, making peremptory the *mandamus* asked, although six judicial days have not elapsed since its rendition.

The ground upon which the mover rests his demand is, that the judgment became final and executory at the moment of its rendition. He relies on the rulings in 18 Ann. 113 and in 32 Ann 1263.

| | |
|---|---|
| 37 | 261 |
| 44 | 88 |
| 37 | 261 |
| 45 | 1325 |
| 37 | 261 |
| 48 | 705 |
| 37 | 261 |
| 109 | 464 |
| 37 | 261 |
| 117 | 645 |
| 37 | 261 |
| e122 | 91 |

Judgments are divided into interlocutory and final, C. P. 538, 539 whatever the court be, inferior or superior, that renders them.

The law allows the party cast by a *definitive* judgment, the privilege of asking for a new trial in courts of original jurisdiction and for a re-hearing in courts having an appellate or superior jurisdiction.

Article 912, C. P., provides that, in the interval between the day on which a judgment is rendered by the superior court and that on which it becomes final ( six judicial days, C. P., 911 ) a party dissatisfied with it, may apply for a new hearing, and for this purpose shall present a petition stating reasons and citing authorities.

All the judgments which this Court renders are final and definitive, unless they be interlocutory decrees.

The rule of this Court provides that applications for a rehearing will be entertained only where the judgment disposes finally of the cause. Rule IX (7).

In the Succession of Edwards, 34 Ann. 22, this Court refused to entertain an application for a rehearing, when the decree complained of was one overruling a motion to dismiss.

The refusal was based on the ground that the decree was an interlocutory order and not a final judgment.

A judgment of this Court ordering or denying a *mandamus*, or prohibition, or relief, under an application for a *certorari* is as much a *final* judgment as any that can be pronounced by it in any other cause, civil or criminal.

Being such, it is open to an application for a rehearing. We find no warrant in law, reason or justice for the refusal to entertain such an application in that class of cases, although they be such as are to be tried and determined summarily.

The ruling invoked in 18 Ann. 113 sets forth no other reason for refusing to entertain the application than that the case "is a *mandamus* case." It is brief, unsatisfactory and unsound.

The ruling in 32 Ann. 22 is correct, but inapplicable to the present matter. The proceeding there was for a *certiorari* to ascertain the validity of an *ex parte* order in furtherance of which the relator had been committed for a contempt of court. It was in the nature of a *habeas corpus* proceeding, in which the law directs that if the court find that there is no cause for arrest or confinement, it shall *immediately* set the prisoner at liberty. The court annulled the order for the imprisonment of the relator who, therefore, was entitled to an instantaneous release. This could not be accomplished unless on production to the sheriff of an authentic

copy of the judgment of the court which, under the terms of the law, had become *immediately* final and executory.

Our immediate predecessors, without, however, questioning the adverse proposition claimed to have been established, have determined that an application for a rehearing could be entertained in a *mandamus* proceeding, saying: "In form and in substance that order is a decree by which the parties are to be concluded and there is no reason why, in such a case, a rehearing should not be granted to either the State or the relator." The former decree was set aside and the judgment was reversed. Manning's Unreported Cases, 343; State ex rel. Samuel vs. Jumel.

On search, we find a case in 21 Ann. 50, in which the then Court refused to entertain a petition for a rehearing in a proceeding for a prohibition, "because the article, 851, C. P., declares that the court shall pronounce finally and summarily on the right of jurisdiction." This was no reason why the judgment became at once final and why it was not reviewable. All the judgments of this Court on the merits of a controversy are final, but reviewable, on application for a rehearing. Neither is that ruling good authority.

The law does not discriminate between the final judgments rendered by this court and we cannot do so. In the absence of any law or good reason, we, therefore, conclude that the judgment rendered in this case is such final judgment as can be reviewed on an application for a rehearing, and that, until six judicial days have elapsed since its rendition, or the consent of the defendant has been exhibited, waiving such application; or such application, if any, has been refused, the relator is not entitled to require from the clerk the certified copy on which he insists.

It is, therefore, ordered that the rule herein be refused with costs.

Rehearing refused.