38 663
f119 450

## No. 1161.

## WHEELER & PIERSON VS. G. A. PETERKIN ET AL.

The omission of appellant to ask for citation of appeal, and to have it served on appellee, when the order of appeal has been granted on motion in open court at a term different from that on which the judgment was rendered, is fatal to the appeal, which must b dismissed.

APPEAL from the Sixth District Court, Parish of Morehouse. *Bussey*, J.

*Todd & Todd* for Plaintiffs and Appellants.

*C. Newton* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. The motion to dismiss this appeal must prevail.

The judgment appealed from was rendered on the 26th of May, 1885, and the order of appeal was granted on motion of appellants' counsel in open court on the 18th of January, 1886, and at a different term of the court than that at which the judgment was rendered.

No citation was asked by appellants and none was served on appellees. Under the circumstances a citation of appeal was as imperatively necessary to perfect the appeal as an ordinary citation is indispensable to support an ordinary action, and the absence of a citation in this case is clearly and inclusively imputable to the fault of appellants.

The only condition under which the necessity of a citation of appeal

is obviated, is when the party who intends to appeal does so by motion in open court at the same term at which the judgment was rendered. Code of Practice, art. 573.

That provision of our Code is unambiguous and mandatory; it has uniformly been construed so as to defeat the appellant whenever he failed to ask for and to secure a citation of appeal, under an order granted either on petition in chambers or on motion in open court at a term different from that at which the judgment was rendered. Walker vs. Martolo, 16 La. 50; Bolling vs. Anderson, 10 Ann. 650; Pratt vs. Erwin, 5 Ann. 115; St. Romes vs. Sterling, 21 Ann. 277; Potier vs. Thibodaux, 21 Ann. 618; Hardy vs. Stevenson, 27 Ann. 95; Fournet vs. Van Wickle, 33 Ann. 1108.

The appeal is therefore dismissed at appellants' costs.