## No. 178.

A. J. TROUNSTINE & CO. vs. R. A. WARE AND G. M. MUNN,

Consolidated with

CARTER BROS. & CO. vs. R. A. WARE AND G. M. MUNN.

An order of appeal granted at a term of court subsequent to the one at which the judgment appealed from was rendered in open court—is not a legal substitute for citation. In such case, citation of appeal is indispensable to the perfection of the appeal.

In case two different and distinct appeals are granted on one order, one may be sustained and the other dismissed.

When a suit has for its object the revocation of a pretended sale as a fraudulent simulation, the party whose title is attacked is a necessary party.   This issue cannot be tried with

Trounstine & Co. vs. Ware and Munn.

the debtor alone, after the suit has been dismissed as regards the alleged simulated owner of the property.

An appeal having been, by plaintiff, prosecuted to the Circuit Court of Appeals from the judgment of dismissal, and same having been by that court reversed and the cause remanded; and, thereafter the plaintiff prosecute an appeal fram the *same* judgment to *this* Court, he is conclusively presumed to have abandoned the judgment of said Circuit Court of Appeals in his favor.

The principal and necessary defendant, having been eliminated from the suit, the only decree this court can render, is one affirming the judgment appealed from.

APPEAL from the Second District Court, Parish of Bienville. *Drew,* J.

*D. H. Patterson* and *J. A. Dorman* for Plaintiffs and Appellants:

Amendments should always be allowed, when justice is subserved thereby if they do not change the substance of the issue, and cause no injury to the opposite party, nor prejudice to his rights. 27 Ann. 316; 36 Ann. 786 and 32 Ann. 395.

Amendments do not change the substance of the issue when they can be cumulated with the original pleadings. 10 Ann. 599 and 8 N. S. 226.

Substance of demand is not changed when the prayer is the same in original and amendment. 8 N. S. 226.

Courts will more readily allow an amendment than refuse it, because injustice is less liable to be done thereby. 5 Ann. 566; 32 Ann. 829.

Insolvency is proved when plaintiff shows debts and defendant fails to show sufficient property to pay them. C. C. 1985.

Simulation can only be be proved by indirect and circumstantial evidence. 29 Ann 8; 33 Ann. 1065.

When fraud or simulation is at issue any act of one of the parties to it bearing on the issue, is relevant. 29 Ann. 4,

The court is not bound to believe the witness, but may disregard his entire evidence when he is one of the interested parties. 33 Ann. 1063.

When the evidence shows the party has not the means to purchase it, it is presumed to belong to the party alleged. If not, the burden is on the defendant to show that it is his 33 Ann. 1063; 11 Ann. 228.

*Watkins & Watkins* for Defendants and Appellees:

The opinion of the Court was delivered by

WATKINS, J. By consent of parties these causes we consolidated and tried together in the lower court.

Appellee, G. W. Munn, filed in this Court a motion to dismiss the appeal on the following grounds, viz:

1st.  Because he has not been cited to answer the appeal; and that an order of appeal, made at a term subsequent to the one at which the judgment appealed from was rendered, is not a legal substitute for a citation.

2d.  Because "no bond was ever filed within the time required by law; and none is embraced in the clerk's certificate to the transcript."

It appears from the record that there was a judgment rendered and signed on the 24th of December, 1885, in the suit of Trounstine & Co. vs. Ware and Munn, sustaining the exception of Munn, dissolving plaintiff's attachment in so far as it effects the property of Munn, and dismissing the suit as to Munn.

In the suit of Carter Bros. & Co. vs. Ware and Munn, a precisely similar judgment was rendered in respect to Munn, on the day preceding. In the *former* case the plaintiffs petitioned *in open court* for appeals suspensive and devolutive, "from the judgment rendered against him on the — day of December, 1885, sustaining the defendant Munn's exception of no cause of action, and dismissing plaintiff's suit, as to G. W. Munn; and *also* from the judgment rendered herein on the 19th of July, 1886." The order is of the same tenor, as the petition, and it was granted "in open court," on the 23d of July, 1886.

In the *latter* case a similar petition was filed—the only difference being a prayer for citation, in the latter—and a similar order was granted on the same date.

Neither record contains any citation, or service, or any substitute therefor. The bond for appeal in each case was only filed on the 2d of October, 1886—long subsequent to the expiration of the ten days allowed by law for suspensive appeals.

The objection urged to the want of citation, affects fatally plaintiff's appeal from the judgment, in each case, that was rendered in December, 1885. The appeal that was granted on motion "*in open court*" at a subsequent term, in July, 1886, was unavailing, in so far as they are concerned, and they must be dismissed. But the same principle does not apply to the judgment that was rendered on the 19th of July, 1886. The appeal that was granted therefrom, was perfected by the filing of the appeal bonds on October 2, 1886—within a year from its date. In so far as that appeal is concerned, the motion must be overruled.

---

## ON THE MERITS.

In each suit plaintiffs sue Ware as their debtor, for sundry amounts as due them on open account; and upon proper allegations prayed for and obtained attachments, and thereunder caused to be seized and attached, as the property of Ware, several improved lots in the town of New Acadia, and a stock of goods and merchandise—all of which were in the ostensible possession of Munn, who is made a party to the respective suits, on the averment that his title was simulated and fraudulent; and that he had been acting as a person interposed for Ware.

The stock of goods *alone* is estimated in the Sheriff's return to be worth $3115.95. *In limine* Munn tendered the following exceptions, viz:

1st. That plaintiff's petition shows no cause of action in that it is not alleged that Munn is insolvent, or unable to pay his debts.

2d. That no act or intent is alleged against him as a cause for attachment.

3d. That he is in possession of the property attached, under duly recorded notarial titles, and same cannot be attacked by attachment or otherwise.

4th. That plaintiffs' debts were out of, and prescribed by three years, etc.

The effect of the judgment of December, 1885, dissolving plaintiffs' attachment and dismissing their suit as to Munn, was to discharge him and his property from the suit, and to eliminate therefrom the question of simulation *vel non*, as this issue could not be tried with Ware alone. Munn was a necessary party to the suit in this respect.

An inspection of the record discloses that plaintiffs prosecuted to the Circuit Court of Appeals for that district an appeal from that judgment, and it was by that court reversed and the cause remanded for further proceedings.

When the cause was returned to the district court, the defendant, Munn, promptly tendered the pleas of *res judicata* and estoppel—in the alternative—predicated on the judgment of that court that had been thus appealed from, and the plaintiffs tendered and filed—on defendant Munn's objection and exception—an amended petition, supplying the hitherto wanting allegations of insolvency and injury.

These pleas would have presented difficult and delicate questions for our consideration, had not plaintiffs placed an interpretation upon the two judgments of December, 1885, by obtaining, in July, 1886, orders of appeal from them. Thereby they are *conclusively* estopped from denying their existence, and abandoned the judgment of the Circuit Court reversing them in February, 1886. For this reason we cannot consider the case presented under the reformed pleadings, with Munn as a newly made party to them. Plaintiffs' double appeals have placed this impediment in the way. Had they *solely* relied on the decree of the Court of Appeals, that reversed the judgment of December, 1885, and resisted the defendant's pleas of *res judicata* and estoppel, and appealed from that judgment of the 19th of July, 1886, *alone*, they would have been in line and could have secured a hearing on the whole case. As presented they cannot.

Asi·le from these considerations, there are other serious difficulties in the plaintiffs' way, which we need not detail.

Inasmuch as Munn is no longer a party to the suit, and the judgments are not questioned here, as regards the debtor, Ware, we shall not pass upon them. Under the views herein expressed the judgment of the court a qua must remain undisturbed, and it is therefore affirmed with cost of appeal taxed against the appellants.

Justices Poché and Todd take no part, not having heard the argument.