On Motion to Dismiss Appeal.
BLANCHARD, J.
The contention is that no citation of appeal was issued to or served upon the appellee and that this omission is attributable to the appellant.
We find that the order for this appeal issued in open court at a term subsequent to that at which the judgment was rendered.
It was, therefore, necessary that appellee should be formally cited and it appears that she was not cited.
But we find, further, that the order of appeal, thus granted in open court, was predicated upon a formal petition for the appeal, presented and filed of that date, and in this petition there is a prayer that the appellee be cited.
This being so, appellant cannot be prejudiced by the failure of the clerk of the court to issue the citation of appeal, unless it appear that the omission is attributable to the appellant.
To show that the omission is attributable to him, appellee annexes to his motion to dismiss a certificate from the clerk to the effect that counsel for appellant informed him it was not necessary to issue citation of appeal because of the fact that the application for the appeal had been filed, and the order of appeal taken, in open court.
This would suffice to maintain appellee’s contention (Trepagnier v. Drouet, 42 La. Ann. 716, 7 South. 746) were it not for the fact that counsel for the appellant (two in number) filed affidavits contesting this statement of the clerk.
The matter being thus left in doubt, the appeal will not be dismissed on that ground.
Where citation of appeal is asked but not issued, the appeal will not be dismissed unless it affirmatively appear the fault is that of the appellant, or his counsel. The court will, instead, continue the case in order to make proper parties by service of citation of appeal.
It is the duty of clerks of court to issue citations of appeal when prayed for, and they should in no case omit this duty unless instructed in writing by appellant or his counsel to omit it.
Appellee, in his motion to dismiss the appeal, presents other grounds for its dismissal, but urges the same without prejudice to, and as secondary and subsidiary to the one just considered, specially reserving all rights under the first. This is proper practice.
But inasmuch as there is no party appellee formally before the court because of want of citation of appeal, the case should stop here for the present and until appellee is cited, reserving to the latter her other grounds of dismissal of the appeal, to be acted on when she is properly before the court as appellee.
It is, therefore, ordered that the motion to dismiss the appeal for want of citation of appeal be denied and that this cause be continued, to the end that citation may issue to and be served upon the appellee, and that 30 days’ time from the date of this judgment be granted the appellant for this purpose.
It is further ordered that all other grounds of dismissal of the appeal presented in the motion filed by the appellee, and all of the latter’s rights thereto and thereunder, be reserved to her.
It is further ordered that all the costs of this proceeding up to this point, other than those for filing the transcript, be paid by the appellant — other costs in the case to abide its final determination.
On Second Motion to Dismiss.
This cause was before the court at the preceding term. A motion was then filed to *463 dismiss the appeal on various grounds, one of which was that no citation of appeal had heen issued to, or served upon, the appellee, and that the omission was attributable to the defendant and appellant.
The court ruled that where citation of appeal is asked hut not issued, the appeal will not be dismissed unless it affirmatively appear the fault is that of the appellant, or his counsel.
As it did not appear to the satisfaction of the court that the appellant, or his counsel, was at fault in the matter, the motion to dismiss was denied, and, instead, the ease was continued in order to make proper parties by service of citation of appeal. And 30 days’ 'time from the date of the judgment then entered up was granted the appellant to perfect his appeal by proper citation.
The. date of this judgment — that is to say, the time it was rendered — was the 18th of November, 1901. Marigny v. Stanley, 2 La. 322.
On the 2Sth of December, 1901 — 40 days after the date of the judgment — an additional transcript of appeal was filed, taking a new number on the docket of this court, which transcript contains the proceedings had relating to the citation of appeal and its service upon the appellee.
This is again met by a motion to dismiss for want of proxter citation and for want of due return thereof to this court.
The former judgment of the court denying the motion to dismiss and granting 30 days’ time in which to cite the appellee was interlocutory in character. It did not dispose of the case finally, nor even make a final disposition of the motion to dismiss.
Being merely an interlocutory decree, it became effective from the day of its rendition. No rehearing could be applied for and, therefore, no delay for such purxmse postponed the maturing or finality of the judgment.
It is laid down in the rules of this court that “applications for rehearing will be entertained only where the judgment already rendered disxJoses finally of the cause.” See rule 9, § 7.
I-Iad the motion to dismiss been sustained such judgment would have been final and not interlocutory, for it would be disposing finally of the cause. And in such case application for rehearing could be made, and the judgment would not become aefinitive until such application, if made, had been passed upon and refused, or until the delay for such ax3f)lication, if one be not made, had expired. But where the motion to dismiss is denied it is otherwise. Succession of Edwards, 34 La. Ann. 220; State ex rel. Gerson v. Judge, 37 La. Ann. 262; State ex rel. Leche v. Fowler, 42 La. Ann. 147, 7 South. 180.
The 30 days, then, for which the case was continued, so as to allow the axopellant to take out and have served proper citation of .appeal, began to run from the 18th of November, 1001.
Instead of dismissing his appeal because of failure of citation of appeal, the law, in its magnanimity, holding him blameless where it did not affirmatively appear he was at fault, extended to him a reasonable time to get his appeal in shape so that the same could be considered.
After this, it was his duty to see to it that proper citation was issued and proper service rhercof made, and the whole returned to this court within the time for which the cause was continued.
Instead of this, citation, dated December 1G, 1901, was served upon the appellee December 17, 1901, which was the day before the 30 days exxiired, and this citation commanded the appellee to appear in person, or by attorney, within the time prescribed by this court, to answer the appeal.
In other words, the appellee is cited in a distant parish on the twenty-ninth das'- of the 30-day period allowed, to answer the next day. Requisite delay was not given appellee.
And the transcript showing these proceedings is not filed here until December 28, 1001 — 10 days after the time granted the appellant in which to perfect his appeal.
The 30 days allowed from November 18, 1901, was equivalent to an extension of the time for filing this appeal until December 18, 1901. There was really no appeal until axrpellee was cited, State v. Dubuclet, 27 La. Ann. 29. The thirtieth day was, therefore, the last return day of the appeal. All the papers and proceedings necessary to effect and protect the ajjpeal should have been on file and of record here on or before the 18th of December, 1901.
See Lewis v. Hennen, 13 La. Ann. 259; *465 Code Prac. arts. 583, 584, 587, 883; Mortee v. Edwards, 20 La. Ann. 236; Coudray v. Pecot, 51 La. Ann. 495, 25 South. 270; Gigand v. City of New Orleans, 52 La. Ann. 1259, 27 South. 794.
But this is not all. Tne citation of appeal does not conform to the requirements of the law. It does not name the court into which the appellee is cited. It should have done this. Code Prac. arts. 583, 179, par. 3.
Admonished by the effort made at the preceding term of the court to have his appeal dismissed for want of citation and his not too easy escape therefrom, appellant was at fault in not seeing to it that this time the citation was in proper rorm and proper and timely service thereof made, and that the transcript or return showing this was filed within the time for which the cause was continued in order to enable him to do those things necessary to perfect his appeal.
He might, with show of reason, the first time the motion to dismiss was leveled at his appeal, claim freedom from fault in respect to the deficient citation; he can hardly be listened to to do so the second time.
Let the appeal be dismissed.
MONROE, J. I concur in the decree.