(50 South. 819.)

No. 17,961.

McGAW et ux. v. O'BIERNE.

(Dec. 13, 1909.)

APPEAL AND ERROR (§ 405*)—CITATION—NE-
CESSITY.

A stipulation that the court may render and sign judgment in vacation as though it were in term does not dispense with citation of an appeal moved and granted at a subsequent term.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 405.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Geo. H. Theard, Judge.

Action by William H. McGaw and wife against Edward J. O'Bierne. Judgment for defendant, and plaintiffs appeal. Dismissed.

Wm. J. Formento and F. F. Teissier, for appellants. Geo. W. Flynn, for appellee.

On Motion to Dismiss.

LAND, J. This cause was decided in vacation of the court pursuant to the agreement of the parties. Judgment was rendered in favor of the defendant on August 23, 1909, and was signed on August 27, 1909.

At the ensuing regular term of the court, on October 16, 1909, plaintiffs filed a motion for a suspensive and devolutive appeal, which was granted on bond of $150, which was filed on October 19, 1909.

Defendant and appellee has moved to dismiss the appeal on the ground that the same should have been taken by petition and citation.

The stipulation reads as follows:

"It is agreed that the court may render and sign the judgment in this case in vacation as though it were in term."

If, as argued by counsel for appellant, this agreement made the whole vacation a term quoad this particular case, such term necessarily expired with the beginning of the next regular term of the court. Citation of appeal is necessary when the petition or motion is filed after the adjournment of the term at which the judgment was rendered, or at a subsequent term, and the appeal will be dismissed if the appellant has not prayed for citation of appeal. Code Prac. art. 573; Garland's Notes, 432, 433. But the stipulation is silent as to an appeal from the judgment to be rendered in vacation. No agreement was necessary to enable the losing party to appeal by petition and citation. We cannot presume that the parties intended to waive citation of appeal. Notice of judgment was waived as a necessary legal consequence of the rendition of the judgment "as though it were in term."

But notice of judgment is one thing, and citation of appeal is another.

Act No. 94, p. 117, of 1898, providing for the rendition of judgments and the granting of appeals out of term time, has no application to the parish of Orleans; but it is noteworthy that the said statute provides for notice of rendition of judgment, and notice of the filing of the appeal bond.

In the parish of Orleans, in cases of this kind, no proceeding can be had in vacation except by consent of parties. While such consent should be liberally construed, it should not be stretched to cover subsequent proceedings not mentioned in the stipulation and not a necessary sequence of the particular subject-matter of the agreement. It is to be noted that the appellant took no proceedings in vacation, but moved for the appeal at the ensuing regular term.

The suggestion that the motion to dismiss is restricted to the suspensive appeal is without force. It is true that the motion recites that the "suspensive" appeal taken by plaintiff should be dismissed; but the grounds for dismissal cover both kinds of appeal, and the prayer is that "said appeal taken herein be dismissed."

It is therefore ordered that this appeal be dismissed.