(64 South. 494.)

No. 20,406.

SMITH v. O'REILLY ELEVATOR CO., Limited.

(Feb. 16, 1914.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 396*)—CITATION OF APPEAL—DISMISSAL.

The omission of appellant to ask for a citation of appeal, and to have the same served on the appellee, when the order of appeal was granted on motion in open court, at a term subsequent to that at which the judgment was rendered and signed, is fatal to the appeal, which must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102, 2104, 2150; Dec. Dig. § 396.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Widow Mary Smith against the O'Reilly Elevator Company, Limited. From judgment of dismissal, plaintiff takes devolutive appeal. Appeal dismissed.

Frank B. Davenport and Louis R. Hoover, both of New Orleans, for appellant. McCloskey & Benedict, of New Orleans, for appellee.

On Motion to Dismiss Appeal.

LAND, J. Judgment in favor of the defendant dismissing plaintiff's suit was read and signed in open court on January 21, 1913.

On December 5, 1913, by motion made in open court, plaintiff obtained an order for a devolutive appeal from said judgment, and on December 10, 1913, perfected said appeal by filing bond in the sum fixed by the court.

Defendant has moved to dismiss the appeal on the grounds that no citation of appeal was ever prayed for by the appellant, or issued or served herein, and that, as the motion for appeal was granted at a subsequent term of the court, citation to the appellee was essential.

By Act No. 4 of 1896, p. 5, the terms of the civil district court for the parish of Orleans begin on October 15th, and terminate at the end of June, of each year. Hence the motion for the appeal was filed at the next term of the court. The record does not show that the appellant prayed for citation to the appellee, or that the latter was cited.

It is well settled that, when an appeal is taken at a subsequent term, the appellee must be cited. McGaw v. O'Bierne, 124 La. 989, 50 South. 819; Gagneaux v. Desonier, 109 La. 460, 33 South. 561; Wheeler & Pierson v. Peterkin et al., 38 La. Ann. 663; Trousten &

Co. v. Ware & Munn, 39 La. Ann. 939, 3 South. 122.

It is therefore ordered that the appeal herein be dismissed, with costs.

PROVOSTY, J., being absent on account of illness, takes no part.