(78 South. 941)

No. 22729.

GARSAUD v. MANDEVILLE LIGHT & ICE CO.

(May 2, 1918. Case Compromised May 31, 1918.)

*(Syllabus by Editorial Staff.)*

APPEAL AND ERROR ☞819—SUSPENSION OF APPEAL — CITATION OF PARTIES — RULE OF COURT.

Where an opposition to a receiver's account was dismissed, and the opponent took a devolutive appeal, praying for service and citation on the receiver and all parties in interest, and filed the required bond, and lodged the transcript in the Supreme Court, and, on motion to dismiss appeal for defects in the citation of appeal served on the receiver and for failure to cite certain creditors, showed that he was unaware that all necessary parties had not been cited, he was entitled to the suspension of proceedings to cite the necessary parties, where he was without blame for the failure of the clerk to issue or the sheriff to serve the citations prayed by him, since Supreme Court rule 1, § 8 (67 South.

vii),[1] declares that in the absence of instructions from litigants, citations, etc., shall be omitted from the transcripts.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; P. B. Carter, Judge.

Proceeding by Octave Garsaud, receiver of the Mandeville Light & Ice Company, upon his final account, with opposition by R. S. Vivian. From a judgment dismissing the opposition, opponent took a devolutive appeal. Motion to dismiss appeal denied, and further proceedings in the case suspended to afford appellant a reasonable opportunity to cite the necessary parties.

Nat W. Bond and E. R. Mabry, both of New Orleans, for appellant. L. C. Moise, of Covington, and Emile Pomes and Joseph Sinai, both of New Orleans, for appellee.

MONROE, C. J. Plaintiff, having been appointed receiver of the defendant company, filed an account, which was opposed by R. S. Vivian claiming to be a creditor of the company, as a holder of certain of its bonds, and, his opposition having been dismissed, he took a devolutive appeal by means of a petition in which he prayed "for service and citation on Octave Garsaud, receiver, and all parties in interest," and obtained an order fixing the amount of the bond and otherwise in accordance with his prayer, after which he filed the required bond, and on August 15, 1917, lodged the transcript in this court. On April 4, 1918 (within four days of that upon which the case was fixed for argument), plaintiff (receiver and appellee) filed an "exception," in which he alleges that "the citation of appeal served on Octave Garsaud is defective—that the same should be addressed to him as receiver"; and that the creditors mentioned in the account and ordered to be paid should have been cited and made parties to the appeal. He therefore prays that

─────────
[1] 136 La. viii.

the appeal be dismissed. The opponent (and appellant), alleging that he was unaware that all the necessary parties had not been cited, moves that the case be remanded in order that the omission in that respect may be supplied; and though it is unnecessary to remand the case, we are of opinion that he is entitled to relief, since it does not appear that he is to blame for the failure of the clerk to issue, or of the sheriff to serve the citations as prayed for by him, nor can it be said that he is to blame for not having discovered until the appellee filed his rather belated "exception" that those functions had not been discharged, since rule 1, § 8 (67 South. vii),[1] of this court declares that "in the absence of instructions from litigants, citations and returns, writs," etc., "shall be omitted from the transcripts." Cockerham v. Bosley, 52 La. Ann. 65, 26 South. 814; Bank v. Planting, etc., Co., 107 La. 652, 31 South. 1031; Gagneaux v. Desonier, 109 La. 460, 33 South. 561. The motion to dismiss is therefore denied; and it is ordered that further proceedings in this case be suspended until the first Monday in October, 1918, in order that appellant be afforded a reasonable opportunity to cite the necessary parties.