No. 484

First Circuit

———

CITIZENS NATIONAL BANK OF
HAMMOND v. KREKO ET AL.

———

(June 28, 1929.  Opinion and Decree.)
(October 10, 1929.  Rehearing Refused.)

———

J. J. Jackson, of Hammond, attorney for plaintiff, appellant.

Rownd & Warner, of Hammond, attorneys for defendants, appellees.

ELLIOTT, J.  Paul Kreko and Mike Nagy, defendants-appellees, move to dis-miss the appeal herein on the ground that no citation of appeal has issued to or been served on them.  The suit was instituted and put at issue in the district court, parish of Livingston, but the minutes show an agreement, whereby it was ordered to be tried in the City Court at Hammond, Louisiana.

Hammond is not situated in the parish of Livingston, but is in the same judicial district.  It is not a parish seat, consequently the provision in the Code of Practice, art. 543 (amended Act 267 of 1916), applying when judgments are rendered in open court in a parish in a judicial district different from the one in which the case was tried do not govern, nor have bearing on the question raised by the motion to dismiss.  The fact that Judge Tycer tried the case at Hammond, rendered the judgment and granted the order for the appeal, which it is moved to dismiss, shows that the parties and the court merely intended to take the testimony at Hammond and that it was not their purpose to transfer the case to the city court of that place.  It is evident that the judgment appealed from was rendered and signed at Hammond on December 15, 1928.  It is equally as evident that the order granting this appeal, written underneath the judgment and on the same sheet of paper, signed the same day and at the same place, was moved for and granted there and in chambers.

The plaintiff in moving for the appeal, did not pray for and the court did not order, that the appellees be cited, and the record does not indicate that it was done.  The Code of Practice, art. 573 (amended Act 49 of 1871), provides that appeals may be taken in two ways.  The Act 94 of 1898, sec. 2, provides the course to be followed when cases are decided in cham-

bers. This act, however, does not dispense with the necessity for citing the appellee, to answer the appeal, as provided for and required by the Code Practice, arts. 581, 582, 583, etc. But a motion for an appeal made in chambers, is not the same thing as praying for it by petition. The mover must pray that the appellee be cited and the court acting in chambers must order that it be done. If it is not done, then the failure to cite is not attributable to the clerk of court, but to the fault and neglect of the appellant himself. And when the fault and neglect is attributable to the appellant himself, as appears to be the case here, the appeal, on motion of the appellees will be dismissed.

McCutchen et al. vs. Hudson, 132 La. 177, 61 So. 157; McCaw vs. O'Beirne, 124 La. 989, 50 So. 819; Frederick vs. Marx Picture Frame Co., 127 La. 149, 53 So. 474; Comire vs. Schiro Amusement Co., 6 Ct. of App. 441; see also Opelousas Finance Co. vs. Ross, 7 Ct. of App. 425.

For the reasons stated the motion to dismiss herein will prevail. Appeal dismissed.