BOWIE v. MENARD'S ESTATE ET AL.

———

(December 1, 1930. Opinion and Decree.)

———

R. A. Dowling, of New Orleans, attorney for plaintiff, appellant.

Chas. J. Rivet, of New Orleans, attorney for defendants, appellees.

## ON MOTION TO DISMISS

PER CURIAM. The grounds upon which appellees move the dismissal of this appeal are as follows:

First, that the appeal was taken during a term of court subsequent to that in which the judgment was rendered, and, therefore, required citation, and that no proper citation had been made.

Second, that the transcript was not filed in this court until more than three days after the return day, as fixed in the order granting the appeal.

As to the first ground we observe that this is a suit brought by Mrs. Georgiana Bowie against the estate of Chas. C. Menard and heirs of Chas. C. Menard, which resulted in a judgment in favor of the following named individuals and against the plaintiff, dismissing her suit: Charles Menard, Margaret Menard, Catherine Menard, wife of James F. Crawford.

At a subsequent term of court a devolutive appeal was taken and citation prayed for and ordered against "the defendant." The return of the sheriff shows that citation was issued to "Estate of Chas. C. Menard, et als." without naming any of the persons in whose favor the judgment had been rendered. It is apparent that citation was necessary. C. P. articles 573 and 574. Citation being required, it was the duty of the appellant to pray for it and to "designate the parties to be cited." See Comire v. Schiro Amusement Co., 6 La. App. 441. No proper citation of appeal having been issued, the appeal must be dismissed.

It is unnecessary to notice the second point upon which the motion is based.

For the reasons assigned, the motion to dismiss the appeal is maintained, and the appeal is dismissed.