## FISCHER v. PALMISANO'S SUCCESSION.
### No. 14561.

Court of Appeal of Louisiana. Orleans.
April 24, 1933.

E. S. Spiro, of New Orleans, for appellant.

K. V. Richard, of New Orleans, for appellee.

### PER CURIAM.

Appellee moves to dismiss this appeal on the ground that no citation of appeal was prayed for by appellant nor served upon appellee, although the appeal was taken by motion filed at a term of court subsequent to that at which the judgment was rendered.

It appears from the record that the facts are as stated in the motion to dismiss the appeal.

In Palmisano & Palmisano v. Bonner, 167 La. 1015, 120 So. 630, 631, in which there was presented to the Supreme Court of Louisiana a situation identical with that now before us, that court said:

"It appears from this motion that no citation was prayed for, or was ordered in the order granting the appeal, nor was any citation issued, as far as the record discloses.

"Under this state of facts, the motion to dismiss must prevail. The omission of appellant to ask for citation of appeal and to have it served on appellee, when the order of appeal had been granted on motion in open court at a term different from that on which the judgment was rendered, is fatal to the appeal which must be dismissed.' Wheeler & Pierson v. G. A. Peterkin et al., 38 La. Ann. 663; Smith v. O'Reilly Elevator Co., 134 La. 635, 64 So. 494; King et al. v. First Methodist Church, 137 La. 879, 69 So. 593.

"As stated in Smith v. O'Reilly Elevator Case, above cited: 'It is well settled that, when an appeal is taken at a subsequent term, the appellee must be cited.' McGaw v. O'Bierne, 124 La. 989, 50 So. 819; Gagneaux v. Desonier, 109 La. 460, 33 So. 561; Wheeler & Pierson v. Peterkin et al., 38 La. Ann. 663;

Trounstine & Co. v. Ware & Munn, 39 La. Ann. 939, 3 So. 122."

The motion to dismiss the appeal is sustained and, accordingly, the appeal is dismissed.

Appeal dismissed.