## LOUDAN v. METROPOLITAN LIFE INS. CO.
### No. 16131.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

Maurice B. Gatlin, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar and W. B. Spencer, Jr., all of New Orleans, for appellee.

### PER CURIAM.

This matter comes before us on motion to dismiss the appeal on two grounds: (1) That there was no citation of appeal issued or served on appellee; and, (2) that appellant has acquiesced in the judgment by withdrawing from the registry of the district court the amount deposited by defendant as admittedly due.

We shall first consider the contention that the appeal should be dismissed because of the failure to issue and serve citation of appeal.

The judgment was rendered on March 23, 1934, and was signed on March 29, 1934. The motion for the appeal was made on March 28, 1935, at a term of court subsequent to that at which the judgment had been rendered. It follows that there should have been a citation of appeal. Code Prac. art. 573. The failure to issue and serve the citation is chargeable to appellant, because there is no prayer that it be issued and served. In Bass v. Lane et al., 169 La. 681, 125 So. 853, 854, which was a case involving the very question which we are now discussing, the Supreme Court said:

"It is the uniform ruling of this court that the omission of appellant to ask for citation of appeal and to have it served on appellee, when the order has been granted on motion in open court at a term different from that on which the judgment was rendered, is fatal to the appeal, which must be dismissed. Smith v. O'Reilly Co., 134 La. 635, 64 So. 494; King v. First Methodist Church, 137 La. 879, 69 So. 593; McGaw v. O'Bierne, 124 La. 989, 50 So. 819; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Palmisano v. Bonner, 167 La. 1014, 120 So. 630.

"The failure to issue and to serve a citation of appeal in this case was attributable primarily to the appellant who neglected to ask for such citation in his motion for the appeal. The penalty is the dismissal of his appeal."

It is unnecessary that we consider the other ground.

It is therefore ordered, adjudged, and decreed that this appeal be, and it is, dismissed at the cost of appellant.

Appeal dismissed.