## HOWARD v. ROWAN et al.

### No. 6039.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

Warren Hunt and T. H. McGregor, both of Rayville, for appellant.

W. D. Cotton, of Rayville, for appellee.

TALIAFERRO, Judge.

Plaintiff, a judgment creditor of defendant, Richard S. Rowan, instituted this suit to have certain real estate in the name of Mrs. Mattie S. Rowan on the records of Richland Parish, Louisiana, decreed to belong to said judgment debtor and subject to execution on said judgment. Mrs. Rowan and the judgment debtor were impleaded as defendants.

The defendants excepted to the petition as disclosing neither a cause nor right of action. The exception was sustained and plaintiff appealed.

Defendant, Richard S. Rowan, in this Court, moves to have the appeal dismissed on the ground that his co-defendant has not been cited as a party appellee, nor was service on her prayed for.

At the time the exception in the lower Court was argued and submitted, an agreement of counsel was entered into to the effect that the Court might render and sign judgment at Chambers and file same in the office of the Clerk of Court. Judgment was rendered, signed and filed in the Clerk's office on May 22, 1939. On June 2nd, plaintiff petitioned for an order of appeal and prayed that Richard S. Rowan only be cited and served as appellee. The Court's order follows the prayer of the petition.

The motion to dismiss is predicated upon the fact that as Mrs. Rowan is an indispensable party to an appeal herein, the failure to cite her or pray for such citation, is fatal to the appeal; such having been granted by the Court on petition and in Chambers.

The motion to dismiss is well founded.

An appeal from a judgment rendered by a District Court may be appealed from either by petition or by motion in open court, at the same term at which the judgment is rendered. Code of Practice, Art. 573. When the motion for appeal is made in open court and granted at the same term rendered, no citation of appeal or other notice thereof is necessary. Code of Practice, Art. 574. But, when the order is signed at Chambers on the petition of the appellant, all appellees must be cited.

If citation of all appellees is prayed for, the failure of the Clerk to issue citation or notice of appeal may not be attributed to the appellant. Action on the case will be delayed until all appellees can be cited, if such is moved for.

"The order of appeal having been obtained in chambers, the appellees are entitled to citation. Plaintiffs not having asked in the court below that the appellees be cited to answer the appeal, the failure to cite them is not attributable to the clerk and sheriff, but to the appellants themselves. Therefore the appeal is not saved by section 36 of the Revised Statutes, but must be dismissed, for when, by the appellant's fault, the appellees have not been cited, a motion to dismiss the appeal must prevail." Hunt v. Hunt et al., 191 La. 362, 363, 185 So. 284.

The following cases are decisive of the question here discussed: Officer v. American Insurance Co., 182 La. 1054, 162 So. 771; Citizens' National Bank of Hammond v. Kreko et al., 11 La.App. 471, 123 So. 410; Bowie v. Menard's Estate et al., 15 La.App. 18, 131 So. 66.

For the reasons assigned, the appeal taken herein is dismissed at appellant's cost.