Dr. Louis A. Meraux died on October 6, 1938. His widow, Mrs. Anita Maumus Meraux, was duly appointed and qualified as administratrix of his estate in the Twenty-fifth Judicial District Court for the parish of St. Bernard. The Administratrix filed a number of provisional accounts, and on December 2d 1943, filed a final account which was duly advertised.
Miss Thelma A. Deano who now opposes this final account on the ground that she is not recognized therein as a creditor of the estate, and who was not recognized in any of the provisional accounts, filed this opposition to the final account on December 30, 1943, and prayed that she be recognized as a creditor of the estate in the sum of $240, averring that prior to the death of Dr. Meraux she had been in his employ as his personal secretary at an agreed salary of $150 per month, and that she had not been paid her salary for the period from July 19, 1938 to September 6, 1938.
In the District Court the Administratrix denied that the opponent had been employed by Dr. Meraux personally, alleging that she had been an employee of the "Barracks Drugstore Company" alleged to be a corporation "having a charter and regular officers."
[1] The record shows beyond any possible doubt that the corporation known as Barracks Drugstore was dissolved in 1935 and that Dr. Meraux, himelf, operated the drugstore after that time, and it necessarily follows that the employment of the opponent was by Dr. Meraux, personally, during the period for which she claims salary.
Accordingly, there was judgment recognizing Miss Deano as a creditor of the estate and ordering that she be placed on the account. From this judgment the Administratrix has appealed.
Miss Deano has moved to dismiss the appeal on the following grounds:
"The said motion for appeal was not applied for and granted in open court at the same term that it was rendered; that it was presented to the judge at his home.
"That the motion for the appeal does not ask for citation on appellee."
In answer to the motion to dismiss the appeal, the Administratrix, without admitting either that the appeal was taken at a term of court different from that during which the judgment was rendered or that the appeal was not applied for in open court, maintains that it does not matter whether the order granting the opposition was signed at the same term of court at which the judgment was rendered; that it does not matter whether the order was granted in open court and it does not matter *Page 302 
whether there was a prayer asking that citation be issued since all of these defects, if they were defects, were cured by the fact that citation of appeal was actually issued and served upon the appellee.
Counsel for appellee, admitting that the citation of appeal was duly served on appellee, declares nevertheless that the appeal should be dismissed because in the motion for appeal there was no prayer that citation of appeal be issued and served.
The motion to dismiss the appeal was made in the District Court, and that court overruled the motion for the reason that the District Court "has not jurisdiction of the case." Accordingly the transcript was duly lodged in this court and, as we have said, the appellee has here renewed the motion to dismiss the appeal.
In this court the Administratrix, appellant, has filed a plea of prescription of one, three and five years.
[2] We first consider the motion to dismiss the appeal. The authorities to the effect that whether or not the appeal was taken at the same term of court and whether it was taken in open court is of no importance if citation was actually issued and served are so overwhelming that we will do no more than cite some of them. Comire v. Schiro Amusement Co., 6 La. App. 441; Wheeler Pierson v. G. A. Peterkin et al., 38 La. Ann. 663; Chapman v. Meyer, 5 La. App. 337; Bowie v. Menard's Estate et al., 15 La. App. 18, 131 So. 66.
We pass on to a consideration of the question of whether it is essential that the citation of appeal be prayed for by an appellant. Article 581 of the Code of Practice requires that when an appeal has been taken "the clerk shall deliver a copy of the petition of appeal to the sheriff, to be served on the appellee, together with a citation to appear before the court of appeal * * *".
It is obvious that this article does not expressly require that the citation of appeal be prayed for by the appellant. Article 582 of the Code of Practice requires that "the sheriff shall serve the citation of appeal on the appellee, * * * by delivering a copy of the same to such appellee * * ".
Here again we find no express requirement that the appellant pray for the issuance of citation of appeal. Nor is there any such requirement in Article 573 of the Code of Practice which merely provides that whoever intends to appeal may do so * * upon offering to give such surety as the court may direct, as hereafter provided."
While it has many times been held that if citation of appeal is prayed for and nevertheless it has not been issued by the clerk, the fault will not be attributed to the appellant, this does not necessarily mean that the appeal is defective if no citation is prayed for, it merely means that if the appellant desires to make certain that no fault in connection with the issuance of citation may be charged to him, he may do so by praying that citation be ordered to issue.
That a prayer for citation is not essential — provided citation does actually issue — is made clear in Ludeling v. Frellson, 4 La. Ann. 534. There the court held that if there is only one appellee and there can therefore be no doubt as to the identity of the party upon whom citation of appeal must be served, it is not necessary that there be a prayer that citation be issued, and that it is only necessary that there be such a prayer where there are two or more appellees and appellant desires to point out the one or more upon whom citation must be served. In Scrantz v. Sonnier, 2 La. App. 182, the court dismissed the appeal saying that there was no prayer that the appellee be cited and adding that he was not, in fact, cited. If it is essential that there be a prayer, there was no necessity for the court to go further and say that the appellee had not, in fact, been cited.
Since citation, even though not prayed for was actually issued and served upon the appellee, the motion to dismiss the appeal cannot prevail. Accordingly, it is overruled.
Counsel for appellant has admitted in his oral argument that unless the plea of prescription is sustained there must be a decree affirming the judgment ordering the recognition of the claim of the opponent, so we pass at once to a consideration of the plea of prescription. *Page 303 
[3] Since the facts upon which the plea is based appear in the record as made up in the lower court, there can be no doubt of the right of the appellant to file the plea in this court, and no doubt of our duty to consider it. See Articles 3464,3465 of the Civil Code. The plea that the opposition is barred by the prescription of one year is based on the theory that the services rendered by the opponent find for which she claims payment were rendered in the capacity of a servant. Article 3534 of our Civil Code provides, among other things:
"The following actions are prescribed by one year:
* * * * * * * * *
"That of workmen, laborers and servants, for the payment of their wages." The plea of prescription of three years is based on the theory that the services were performed in the capacity of clerk or secretary.
[4] Article 3538 of the Civil Code provides, among other things," that:
"The following actions are prescribed by three years:
* * * * * * * * *
"That for the salaries of overseers, clerks, secretaries * * *." It is shown by the record that the services for which payment is claimed were rendered from July 19, 1938, to September 6, 1938. It also appears that though Dr. Meraux died on October 6, 1938, and his succession was judicially opened on October 14, 1938, no claim or opposition or suit was filed until December 30, 1943 when this opposition to the final account was presented. Thus more than five years elapsed between the time at which payment was due and the time at which claim was filed. Prescription of three years obviously accrued and it is that prescription which is applicable for we are convinced from the record that the services were rendered in the capacity of clerk or secretary.
[5] The fact that the original debtor had died and that his succession was under administration did not relieve the opponent of the obligation of presenting her claim before the accrual of prescription. As a creditor she may have insisted that her claim be recognized even though the probate court might not have ordered it paid except in the orderly process of administration.
See an article entitled "The Scope of the Maxim Contra Non Valentem in Louisiana" 12 Tulane Law Review 244, in which the author says: "* * * the claims of an ordinary creditor are not suspended by the death or insolvency of the debtor, and the subsequent proceedings, because although no executory judgment can be obtained against a succession or an insolvent estate, the creditors are not disabled from interrupting prescription by presenting to the administrator or receiver all demands for money and having them acknowledged by him. * * *" (citing many authorities.)
The plea of prescription is well founded.
Accordingly, the judgment appealed from is annulled, avoided and reversed and the opposition of Miss Thelma A. Deano is dismissed at her cost.
Reversed.