PER CURIAM.
This case involves a demand for compensation in the amount of $30 per week, for a period of not more than 400 weeks, commencing November 5, 1950, together with medical expenses, legal interest from date of judicial demand and costs.
*243 After trial on the merits judgment was rendered on January 24, 1952 in favor of the plaintiff, ordering defendant to pay plaintiff the sum of $28.50 per week for a period of 400 weeks, subject to a credit of $470.25, together with costs.
Application for a rehearing was duly made by counsel for defendant, and denied on June 5, 1952 together with a reinstatement of the original judgment as above stated, adding medical expenses to the extent of $500, and legal interest from date of judicial demand. Defendant thereupon applied for by petition and was granted a suspensive appeal and/or in the alternative, devolutive appeal returnable to this Court on July 28, 1952, and thereafter timely filed its suspensive appeal bond.
Plaintiff has moved in this Court to dismiss the appeal alleging that the appellant herein did not pray that appellee be cited, nor did the Court, acting in Chambers, order citation to issue, due to the fault and neglect of the appellant himself.
Appellant and appellee subsequently filed in this Court on October 23, 1952, a joint motion stipulating that the motion to dismiss be taken up and submitted without the necessity of briefs or appearance of counsel, and disposed of as quickly as possible at any place within the Circuit that the Court may be in Session.
Counsel for appellee directs our attention to the case of Citizens National Bank of Hammond v. Kreko, 11 La.App. 471, 123 So. 410, which appears to be in point, and from which we quote as follows: “The mover must pray that the appellee be cited, and the court acting in Chambers must order that it be done. If it is not done, then the failure to cite is not attributable to the clerk of court, but to the fault and neglect of appellant himself. And when the fault and neglect is attributable to the appellant himself, as appears to be the case here, the appeal, on motion of the appel-lees, will be dismissed.”
Finding that the failure to cite appellee in the instant case was due to the fault of the appellant, it is ordered that the sus-pensive appeal, taken herein, be and the same is hereby dismissed without prejudice.