## No. 12,867.

STATE EX REL. ANSELM B. MURRAY VS. HON. FELIX VOORHIES, JUDGE OF THE NINETEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF IBERIA.

The provision in Art. 117 of the Constitution that the District Court shall hold continuous sessions of ten months, the Judge sitting alternately in each parish of the district as the public interest may require, is operative of its own force without legislation.

State ex rel. Murray vs. Judge.

ON APPLICATION for a Writ of *Mandamus*.

*Walter J. Burke & Bro.* and *Weeks & Weeks* for Relator.

Respondent Judge *pro se.*

Submitted on briefs June 18, 1898.
Opinion handed down June 24, 1898.

The opinion of the court was delivered by

MILLER, J. The relator, alleging himself to be the plaintiff in a suit pending in the Nineteeth Judicial District Court for the parish of Iberia, applies for the writ of *mandamus* to compel compliance by the judge of that court with the requirement the relator conceives is imposed by the 117th Article of the Constitution of the State, that District Courts shall hold continuous sessions during ten months of the year; and in districts embracing more than one parish, the judge shall sit in each parish alternately as public business may require.

The petition avers the pendency of the relator's suit, and, omitting other allegations unnecessary for the determination of the question presented, avers that the judge is not engaged in holding court in the parish of St Martin, constituting, with Iberia, the Nineteenth Judicial District; that relator is desirous of the trial of his case; that there are over one hundred cases untried in Iberia; that under the Constitution, the sessions of the District Courts are required to be continuous; that the respondent judge has been requested to hold sessions in Iberia, but the judge declines to do so, on the ground that Art. 117 of the Constitution is inoperative unless carried into effect by legislation, and the relator claims the writ of *mandamus* to compel the judge to hold court continuously in the parish of Iberia for ten months of the year, when not sitting in St. Martin. The answer of the respondent judge denies the power of this court to issue the *mandamus* to compel trial of a suit not susceptible of being brought to this court, because the amount involved is under two thousand dollars; denies that any application has been made for the trial of the suit; avers at the last term it was

continued on the motion of relator's counsel, and that his petition shows no denial of justice to authorize the writ. The answer further sets forth that the intervention of the defendants in the pending suit of plaintiff, joining the relator in his present demand, is a departure from settled practice; that if this court should be of opinion it has jurisdiction to issue the writ on the showing made by the petition, the respondent denies that any application was ever made to him to hold court in Iberia under Article 117 of the Constitution prior to the notice accompanying the answer dated June 10, 1898, notifying the respondent judge of the purpose of the attorneys for plaintiff and defendant in the pending suit of Murray vs. Upton *et als.* to make the application to this court; the answer proceeds to aver substantially that since 1892, in pursuance of the rules of court adopted by direction of the Constitution of 1879, he has held the full number of terms in the parish of Iberia to which it was entitled; that the last term in the parish of Iberia closed on the 14th of May; thereupon respondent began the term in St. Martin, and adjourned *sine die* on the 7th June, the bar of St. Martin coinciding with respondent in the opinion that legislative action was requisite for the continuous sessions, provided for in Art. 117 of the Constitution, and requesting the adjournment, and the answer insisting that Art. 117 can not be put in force without legislative authority, refers to the Governor's message as confirming that view, denies that until that legislation respondent can be required to hold the sessions contemplated by Art. 117 of the Constitution, and claims that the article of the Constitution gives respondent discretion as to holding court not within the control of the writ of *mandamus*.

The Constitution vests in this court the control and supervision of all inferior courts to be exerted by writs of *mandamus, certiorari*, prohibition or other remedial writs. Art 94. This jurisdiction is given without qualification, and manifestly extends in a case like this to compel a session to try appealable as well as unappealable cases. The mandate of the organic law that the District Court of the State shall hold continuous sessions is one of importance to all litigants, and is in the public interest. If the mandate is not obeyed we can see no basis to deny the resort to that compulsive power conferred on this court, and which affords, in our view, the only relief, if the constitutional mandate under consideration is denied execution by the inferior court to which it is addressed.

The control and supervision which this court must exert under the plain terms of the Constitution over all inferior courts leaves, in our opinion, no doubt of our power to issue the writ of *mandamus* if the basis exists asserted by the relator, nor can we perceive the ground on which we can deny to the relator an interest as a litigant to demand the relief he seeks, in effect that the court shall be held in that mode the Constitution prescribes for the dispatch of the public business.

The District Courts, as now constituted, remain undisturbed until the organization of the District Courts provided by the Constitution. Art. 118. Under the system in force, up to the adoption of the Constitution, the requirement was that in judicial districts of more than one parish there shall be four annual terms of court in each parish fixed by law or the rules of court. Constitution 1879, Art. 117, Act No. 70 of 1880, No. 22 of 1892. If the business before the court of one of the parishes is limited an adjournment soon followed, and the *interregnum* before the term in the other parish begins was lost, to the detriment of suitors anxious for the speedy trial of their case. To guard against this evil and to secure the prompt administration of justice, the present Constitution introduced the requirement of continuous session of the district courts, the session to be for ten months of the year, the judge to sit in each parish alternately as the public business may require. The constitutional article contains other provisions not pertinent to this controversy, and closes with the explicit direction that the article shall take effect from and after the adoption of the Constitution. If we correctly appreciate the position of the respondent it is, that until legislation he supposes to be requisite, there can be no terms of the District Courts, hence the adjournment *sine die* of the District Court of St. Martin. It would require the clearest language to authorize the conclusion that the convention intended that interruption of the public business claimed by the argument as flowing from the organic law. The obvious import is continuous sessions of the District Court during ten months, the judge to sit alternately in each parish as the public business shall require. The old system of fixing terms was superseded by the one continuous term of ten months. It is claimed the beginning of the term is not fixed, nor where it commences, nor is the two months of vacation designated. This, in our view, does not lessen the force of the constitutional mandate that

the article shall take effect from the adoption of the Constitution. Of its own force the Constitution acted on the District Court, and modified their sessions to conform to the organic law. The court being in session when the Constitution went into effect, the organic law made, or should have made, the session continuous, the judge sitting alternately in each parish, subject to the right of the court to fix its two months of vacation, at the end of which the new term begins. It could hardly be expected the change from the old to the new Constitution could occur without some question arising of the character presented, and it appears that the opinion of the bar of St. Martin coincides with that of the respondent judge, who has furnished us an elaborate argument in support of his position. Our examination leads us to the conclusion that supplying by necessary implication that which the Constitution intends solves the difficulty supposed to arise in giving immediate effect to the constitutional provision in question directing that immediate effect. The Nineteenth Judicial District Court adjourned in the parish of St. Martin in June; the continuation of the session in Iberiais, in our opinion, required by this article of the Constitution.

It is therefore ordered and decreed that the writ of *mandamus* herein applied for issue to the judge of the Nineteenth Judicial District Court, commanding him to hold court in the parish of Iberia, thereafter in the parish of St. Martin, and alternately in each parish as the public interest may require, the session of the courts for both parishes to be continuous, with the right of the judge to designate two months for his vacation, as required by Art. 117 of the Constitution.