(36 South. 758.)

No. 15,017.

FLYNN v. DREYFUS.*

(May 9, 1904.)

DIVORCE—EVIDENCE.

1. This case involves merely issues of fact. (Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Mary C. Flynn, wife of Joseph H. Dreyfus, against Joseph H. Dreyfus. From the judgment, both parties appeal. Affirmed.

Benjamin Rice Forman, for plaintiff. John Alonzo Woodville and Robert John Maloney, for defendant.

MONROE, J. Plaintiff sues for separation from bed and board, and defendant recon-

*Rehearing denied June 20, 1904.

venes, praying for a final divorce. It appears from the evidence that they were married in 1897, and have two children, aged four and two years, respectively; that the husband is a clerk, earning a salary of $15 a week, and the wife, a spirited young woman of an adventurous disposition, to whom the res angustus domi are rather irksome than attractive. They nevertheless lived together harmoniously enough until the autumn of 1902, and were then occupying a small house on Euterpe street in this city, in which they accommodated a few boarders. About that time differences seem to have arisen between them, for which we are inclined to think the wife was most to blame, and on September 22d those differences culminated in a violent altercation and something like a personal collision, in which latter she appears to have been the aggressor. Their relations as husband and wife remained unbroken, however, and, with a view to enlarging their facilities for taking boarders, they secured, for the year beginning in October, a larger house on Camp street, to which they moved. Within a month after this change of quarters, there was an interchange of language which was not likely to have been soothing to the sensibilities of either of them, and in the latter part of November there was another altercation, with accompaniments, after which the husband left the house, and this suit was brought. To fix the responsibility for these troubles on the defendant, the plaintiff relies mainly upon the testimony of two or three negro servant women, who contradict themselves and each other and are contradicted by other witnesses to such an extent as almost entirely to discredit them. Thus one of them, a girl, having asserted that she went morning and evening to a neighboring barroom to buy whisky or beer, denies that she was sent by the plaintiff, and swears most positively that she was sent by her mother, the cook; but the cook, who was also sworn as

a witness for the plaintiff, emphatically denies that she ever sent her daughter or knew that she had gone on such errands, and the evidence is overwhelming to the effect that the plaintiff purchased goods of that kind rather extensively, and contracted bills at nearly all the barrooms in the neighborhood. Another of these witnesses swears that the defendant cursed and abused the plaintiff in the presence of two young ladies who were boarding in the house, and yet the young ladies, also sworn as witnesses for the plaintiff, testify that the defendant always conducted himself properly, and the plaintiff's father, at whose home she was married, though without his consent, gives testimony of a similar character. The evidence adduced in support of the demand in reconvention has been attentively considered. Our conclusion is that it fails to sustain any averment which, if proved, would entitle the defendant to a judgment of divorce, and that it would subserve no good purpose to perpetuate such testimony in the reported decisions of this court. We find no error in the judgment appealed from, which rejected the demand of both parties, and the same is accordingly,

Affirmed.