On Motion to Dismiss Appeal.
MONROE, J.
Plaintiffs (appellees) move to dismiss the appeal herein on the ground that they have not been cited, and they attach to their motion, and, for its purposes, have also caused to be brought up by certiorari copies of the minutes and rules of the district court, from which and from the information afforded by the transcript we find the following to be the facts upon which the motion is founded, to wit:
On April 8, 1911, the judgment in question was rendered, and on April 29th, after a motion for new trial had been filed, argued, and refused, the judgment was signed. On August 5th following the court adjourned for its summer vacation until the first Monday in October, on which day it reconvened.
On January 3, 1912, defendant, through her counsel, filed a motion for appeal, as follows:
“Now into court comes defendant, through her undersigned counsel, and, upon suggesting to the court that the judgment herein is contrary to the law and the evidence and that she has been aggrieved thereby, moves the court to grant an appeal, devolutive, returnable to the Supreme Court of this state; further prays that the return day be set and the amount of the appeal bond fixed; further prays for general and equitable relief.”
The order of appeal, as shown by the minutes of the same day, reads (the title and number of the case being given) :
“Motion for devolutive appeal filed, and appeal granted, returnable to the honorable Supreme Court of the state of Louisiana 2d Monday in February, 1912. Devolutive bond fixed at $150.00.”
The transcript was filed in this court on February 10th, and, so far as we have been able to discover, contains no bond of appeal or indication that such bond was filed; but, as appellees are not complaining of it, we need not dwell on that omission. The motion to dismiss the appeal was filed on May 2, 1912, and on June 1st following counsel for appellant filed a pleading, giving reasons why the motion should not prevail, to which is attached a certified copy of the motion and order of appeal and a return thereon by the sheriff showing that the same was served on the appellees, “ * * * in person or at domicil, on May 3, 1912.” The case was submitted in this court, on the motion to dismiss, on November 18, 1912.
Opinion.
In the brief filed on behalf of the appellant her learned counsel relies upon the following propositions, which will be considered seriatim, to wit:
[1] 1. That the motion to dismiss should have been filed within three days from the filing of the transcript.
It is immaterial at what time a motion to dismiss an appeal for want of necessary parties is filed, or where they are not in fact cited, there is no prayer for citation, and they fail to appear whether it be filed at all, for without such parties there can be no final judgment, and this court is therefore bound in disposing of the case to taire notice of their absence, and, if the failure to cite them be attributable to the fault of the appellant,' must, ex propria motu, dismiss the appeal.
*182 “All parties interested that a judgment remain undisturbed must be made parties to any appeal taken from it, * * * or the appeal will be dismissed. Swearingen v. McDaniel, 12 Hob. 203; Succession of Perry, 4 La. Ann. 577; Lobelle, Tutrix, v. Lobelle, 5 La. Ann. 174; Allen v. Rodgers, 16 La. Ann. 372; Cotton v. Stirling et al., 19 La. Ann. 137; Gay v. Marionneaux, 20 La. Ann. 358; Succession of Mascari, 105 La. 323 [29 South. 718].
“It is needless to inquire whether the motion to dismiss in this case should have been filed within three days after the transcript was "brought up from the inferior court, inasmuch as the practice of this court has been to notice ex officio, and without any motion to dismiss having been made, the want of proper parties for a final decree.” Widow Robert, Executrix, v. Ride & Mairot, 11 La. Ann. 409; Simmons v. His Creditors, 12 La. Ann. 755; Broussard, Wife, v. Robin, Administrator, 13 La. Ann. 560; Belleville Iron Works Co. v. Its Creditors, 16 La. Ann. 77; Tupery v. Lafitte and Deffarge, 19 La. Ann. 296; Martin v. Taylor & Pinckard, 21 La. Ann. 303; Broussard v. Guidry and Dupre, Adm’r, 21 La. Ann. 618; Sittig v. Dittell, 21 La. Ann. 646; Handlin v. Dodt, 110 La. 937, 34 South. 881.
[2] 2. An appeal will not be dismissed when the fault in failing to cite the appellees can be imputed to the clerk or the sheriff.
Where the party cast makes no application for an appeal at the term of court at which the adverse judgment is rendered, and at a subsequent term makes his application by motion, without praying for the issuance of citation, the failure to cite the appellees cannot be attributed to the fault of the clerk or .sheriff.
[3] 3. The district court holds continuous sessions of ten months each, and the transcript fails to show that the appeal was taken at a term subsequent to that at which the .judgment was signed.
The Constitution provides that the district courts shall hold continuous session during ten months of the year, leaving it to the discretion of the judge to determine at what period he will take his vacation of two months, and in districts composed of one parish the ten months session is a term, which is separated from the preceding and subsequent terms by the vacation. State ex rel. Murray v. Judge, 50 La. Ann. 989, 24 South. 132. It is required of the judge that he shall establish such terms and vacations by rule, in order that those having business in or in connection with his court may know what to expect; and the district court for Caddo parish has a rule (No. 1) to the effect that:
“Court will convene on the first Monday in October of each year and will remain in continuous session ten months.”
The judgment in this case was signed on April 29th. The court adjourned on August 5th, to the first Monday in October. The first entry upon the minutes on the day last mentioned reads (after giving the title and number of this case) :
“Be it remembered that the regular term of the First judicial district court * * * was begun and held at the courthouse * * * on Monday October 2, 1911; it being the first Monday in said month.”
The appeal was applied for by motion on January 3, 1912. It is true that all of the facts thus stated do not appear in the transcript, but those that do not so appear are to be found in the certified copies of the minutes and rules of the trial court which are attached to the motion to dismiss, and, as their correctness is not challenged, it would be vain and useless to require them to be established in a more formal manner.
[4]4. That it is not indispensable for the maintenance of an appeal that the petition for the same should contain a prayer for citation, and that appellant is not bound to mention, in such petition, the names of the appellees.
There was no petition for appeal filed in this case, the only application having been made, by motion, at a term of court subsequent to that at which the judgment was signed. There is no suggestion, either in or dehors the motion, of any intimation to the clerk or sheriff that citations were expected to be issued or served, and, if so, upon whom, and no citations were issued *184 or served until after the motion to dismiss the appeal had been filed in this court, and more than a year had elapsed from the signing of the judgment from which the appeal was intended to be taken.
Counsel for appellant cites, as supporting the propositions above stated, the case of Ludeling v. Frellsen, 4 La. Ann. 534; Barton v. Kavanaugh, 12 La. Ann. 332; Wood & Roane v. Wood, 32 La. Ann. 801. In Ludeling v. Frellsen, Mr. Justice Slidell, as the organ of this court, said:
“The appellee contends that the omission [to cite him] is due to the fault of the appellants, because in their petition for appeal they did not expressly pray that the appellee be cited. Under articles 573 and 581, C. P., we do not think such a prayer was indispensable in a case like this, where there was but one antagonistic party to be brought before the appellate court. We do not say that cases may not occur where it may be necessary to point out to the ministerial officer the respective persons whose citation the appellant might desire; but the officer could not possibly have been at a loss in the present case.”
In the same volume (4 La. Ann. 582) we find the case of Cuddy et al. v. Belleville Iron Works Co., in which the same eminent jurist, speaking for the court, said:
“There is a motion in this case for the dismissal of the appeal upon the ground that the appellee has not been cited, and that the absence of citation is attributable to the fault of the appellant, and not of the clerk or sheriff. It is conceded that there has been no actual citation; and we deem the point to be well settled that, where an actual citation is necessary and its absence is attributable to the fault of the appellant, the appellee, upon a motion seasonably made, has a right to require the dismissal of the appeal. It is therefore indispensable to inquire whether in this dase citation was necessary.”
As a result of the inquiry thus suggested, it was found that the judgment which was to be appealed from had been rendered and signed by a district court in New Orleans in June, and that the appeal had been granted on motion in July following, and it was concluded as a matter of law that, the district courts in New Orleans should be considered as holding monthly terms, and hence that (as in the case now under consideration) the appeal had been granted on motion at a term subsequent to that at which the judgment had been rendered. The court thereupon cited so much of the act of 1843 as is now incorporated in article 573 of the Code of Practice, and which reads (in part):
“The party intending to appeal may do so, either by petition or by motion in open court at the same term at which the judgment was rendered; * * * and, where the appeal has been granted by motion in open court, no citation of appeal or other notice to appellee shall be necessary.”
And the opinion concludes as follows:
“As the month in which the judgment in question was rendered and signed had expired before the motion for appeal was made, we are of opinion that it cannot be considered as being within the act of 1843, so as to dispense the necessity of citing the appellee. And, as the absence of citation is attributable to the fault of the appellant, it follows that the appeal must be dismissed, which is now ordered accordingly, the costs of the appeal to be paid by the appellant.”
Erom the face of the record and the use by the court of the word “appellee” (in the singular), we conclude that the only appellee in the case cited was the defendant corporation ; whereas, in the instant case, there appear to be five appellees. Nevertheless, as we have seen, the court decided, in effect, that the clerk and sheriff were not to be expected to know that the plaintiffs appealing by motion desired that the appellee'should be cited, and that “the absence of citation was attributable to their [the appellants’] fault,” and hence that the appeal should be dismissed.
In the case of Barton v. Kavanaugh, 12 La. Ann. 332, where appellees moved to dismiss the appeal for want of citation, the court (through Lea, J.) said:
“The order of appeal was granted upon a petition filed for the purpose, which, however, contains, no prayer for citation to the appellees. The appellees, not having been cited, contend that the omission is fatal, as being, under the circumstances, attributable to the fault of *186 the appellant. It was not indispensable that the petition of appeal should contain a prayer for a citation to the appellees. The husband and wife joined in the suit as plaintiffs united in a common demand, the clerk could not have been at a loss to know to whom citation should issue. There are undoubtedly causes in which it is the duty of the appellant to designate to the clerk the names of those who are to be cited, and, where this has been omitted through the fault of the appellant, the appeal will, on motion to that effect, properly made, after due notice given, be dismissed. But we think the appellant is not at fault for not designating the appellees, about whom there could be no mistake, in a case where the clerk has notice that citations are necessary by the filing of the petition of appeal." (Italics by Mr. Justice Lea.)
We know of no law which imposes upon the clerk of a court the obligation and responsibility of determining where no citation is prayed for that even one defendant or appellant should be cited, and still less of examining all the record of cases in which appeals are applied for and determining of his own motion which of two or more appellees, including possible interveners and creditors, whose claims have been rejected and who have not appealed, nominal parties, etc., are necessary parties to the appeal, to whom citation should be addressed, a question which this court has frequently been called on to decide. In any event the ruling in the case cited rests upon the proposition that there were but two appellees, a husband and wife, united in a common demand, and that “by the filing of the petition of appeal” the clerk should have known that citations were required and upon whom; and pretermitting any further consideration .of the question of the obligation or capacity of the clerk to determine even as to or between husband and wife to whom citation of appeal should issue, and in view of the fact that such citations are frequently waived of his obligation to issue any at all, in the absence of a prayer to that effect by the appellant, we say, pretermitting those questions, the case cited is not the case before the court, but is ex industria distinguished from it by the emphasis which is laid upon the fact that there were but two appellees — husband and wife — united as plaintiffs in a common demand.
In the case of Wood & Roane v. Wood, 32 La. Ann. 801, to which appellant also refers, there does appear in the syllabus the statement, “It is not indispensable that the petition of appeal should contain a prayer for citation on appellee,” but in the text of the opinion it is said:
“The appeal was asked by petition, filed on the 13th December, 1879,. containing a distinct prayer that plaintiff be cited. This was unnecessary.”
And the court cited the two cases to which we have just referred, two unreported cases, and the case of Vredenburg v. Behan, 32 La. Ann. 561, in which it was held, quoting from the syllabus, that:
“Appellants are not bound to mention the names of the appellees in their petition for appeal. It is sufficient for them to pray that the appellees be cited; and it is the duty of the clerk to issue citations to all those whom the record shows to be appellees”—
after which it (the court) found that service had been accepted and citation of appeal had been waived by the attorneys of the appellees. It is quite evident, therefore, that the question of the responsibility vel non with respect to the citation of the appellee, when there has been no prayer for citation, either by petition or motion, was not in the case. There are many decisions of this court which are wholly irreconcilable with those which we have thus considered, and we excerpt the following from the opinions in a few of them:
“The petition for an appeal does not pray for a citation, nor does it appear that the appellant ever applied for one. The plaintiff and appellee prays for a dismissal of the appeal, on the ground that he has not been cited to appear in the appellate court. The authority of the cases of Walker et al. v. Martolo, 16 La. 50, and Hezekiah Pratt v. James Erwin, 5 La. Ann. 115, are decisive, and the motion to dismiss must prevail.” Bolling, Under Tutor, v. T. M. Anderson et al., 10 La. Ann. 650.
“The rule has long been settled that all the parties to the record who are interested in main *188 taining the judgment must be made partiesto the appeal from it. * * * When the petition of appeal contains no prayer for citation, and none is issued, the fault is the appellant’s, and dismissal is the penalty of his neglect. The act of 1839, now section 36, Rev. Stats., does not cure this defect.” Succession of Treadwell, 38 La. Ann. 260.
“If the petition of appeal contains no prayer for citation, and the record fails to show that a citation was ordered, issued, or served, the appeal must be dismissed.” Gerodias v. Handy, Sheriff, et al., 31 La. Ann. 334.
“That provision of our Oode (C. P. 573) is unambiguous and mandatory. It has uniformly been construed so as to defeat the appellant whenever he failed to ask for and to secure a citation of appeal under an order granted, either on petition in chambers or on motion in open court at a term different from that at which the judgment was rendered.” Wheeler & Pierson v. Peterkin et al., 38 La. Ann. 664 (citing Walker v. Martolo, 16 La. Ann. 50; Bolling v. Anderson, 10 La. Ann. 650; Pratt v. Erwin, 5 La. Ann. 115; De St. Romes v. Macarty, 21 La. Ann. 277; Potier v. Thibodeau, 21 La. Ann. 618; Hardy v. Stevenson, 27 La. Ann. 95; Fournet v. Van Wickle, 33 La. Ann. 1108).
“We have stated that applicants did not pray for citation to be served on the creditors. The omission to cite was therefore appellants, and, as the appellee has not been cited, the appeal will be dismissed.” Succession of Le Sage, 112 La. 861, 36 South. 758 (citing cases, supra, and also Gibson v. Selby, 3 La. Ann. 317; Louque’s Dig. p. 40, No. 9; Taylor’s Dig. p. 45, No. 1).
Oounsel for defendant argues that the prayer for general relief in his motion for appeal should be held to include a prayer for the citation of the appellees; that this court should grant further time for citing the appellees, though no attempt was made to cite them until after the filing of the motion to dismiss the appeal, and until more than a year had elapsed from the signing of the judgment sought to be appealed from; that, though the appellees were not cited, their counsel knew that the appeal had been allowed, and they should be held bound by such knowledge; and that, by coming into court and showing the facts relied on for the purposes of their motion to dismiss the appeal, they waived their right to be heard upon the motion, notwithstanding that they had declared that they came only for said purposes and had reserved their rights.
The propositions thus stated are in conflict with well-settled jurisprudence and principles, and are untenable.
Appeal dismissed.