LAND, J.
 

 The Investors’ Mortgage Company, as plaintiff in executory proceedings, has appealed from a judgment rendered in fa
 
 *105
 
 vor of Charles H. Russell, third opponent, recognizing the priority of his mortgage and ordering the payment of his claim and dismissing the proceedings at plaintiff’s cost.
 

 The third opponent has filed a motion to dismiss the appeal on the ground that it was taken by petitioner after the adjournment of court, and that no citation of appeal was prayed for in the petition for appeal or ordered served on appellee by the court prior to the expiration of the return day and the filing of the transcript.
 

 Judgment was rendered and signed in the case June 9, 1927. An order for a suspensive appeal was granted June 13, 1927, and the appeal was made returnable to this court July 12, 1927, and lodged here July 11, 1927. The motion to dismiss was filed in court July 13, 1927.
 

 The petition for appeal contains no prayer for citation, and none was issued or served on appellee until after the expiration of the return day and after the transcript had been filed in this court and motion to dismiss for want of citation had been filed and fixed for trial.
 

 Article 898 of the Code of Practice declares that no appeal shall be dismissed for any defect, error, or irregularity not imputable to the appellant.
 

 It is settled jurisprudence that, where
 
 the petition fails to pray for the issuance of citation am,d none issued,
 
 the failure cannot be attributed to the fault of the clerk or sheriff. (Italics ours.) McCutchen et al. v. Hudson, 132 La. 177, 181, 185, 61 So. 157.
 

 “Where citation of appeal
 
 is ashed but not issued,
 
 the appeal will not be dismissed'unless it affirmatively appear the fault is that of the appellant, or his counsel. The court will, instead,, continue the case in order to make proper parties by service of citation of appeal.
 

 “It is the duty of clerks of court to issue citations of appeal
 
 when prayed for,
 
 and they should in no case omit this duty unless, instructed in writing by appellant or his counsel to omit it.” (Italics ours.) Gagneaux v. Desonier, 109 La. 460, 33 So. 561.
 

 In State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273, it is said:
 

 “The appellee is entitled to citation before it can be condemned. It is insisting upon this right; and the only way we can secure the right, in view of the fact that there has been no prayer for citation, is to dismiss the appeal. Where there is no prayer for citation, and none issued, the fault is imputable to the appellant; and a motion to dismiss, upon that ground, will be maintained. Bolling, Undertutor, v. Anderson, 10 La. Ann. 650; Potier v. Thibodeau, 21 La. Ann. 618; St. Romes v. Macarty, 21 La. Ann. 277; Schmitt v. Drouet & Rabasse, 42 La. Ann. 1064, 8 So. 396, 21 Am. St. Rep. 408.”
 

 See, also, McCutchen v. Hudson, 132 La. 186, 61 So. 157, and authorities there cited.
 

 A citation of appeal issued or served, after the return day and after the transcript has been filed in this court, comes too late. Haggerty v. Annison, 133 La. 340, 341, 62 So. 946, affirming McCutchen v. Hudson, 132 La. 177, 61 So. 157.
 

 It is therefore ordered that the motion to dismiss be sustained,' and that the appeal be dismissed, at the cost of appellant.
 

 O’NIELL, C. J., dissents.