(125 So. 853)

No. 30358.

BASS v. LANE et al.

Jan. 6, 1930.

James W. Jones, of Natchitoches, for appellant.

Phanor Breazeale, of Natchitoches, for appellees.

On Motion to Dismiss.

THOMPSON, J. Two grounds are presented in the motion to dismiss this appeal: First, that no citation of appeal was issued or served on appellee; second, that plaintiff and appellant has acquiesced in the judgment by executing that part of the judgment which was rendered in his favor.

We find it necessary to consider the first ground only, for the record presents a case where citation of appeal was required, and none was issued or served, and none was asked for by appellant.

The record shows that judgment was rendered on July 7, 1929, and was signed in open court on July 24, 1929.

On October 9, 1929, the following order was entered upon the minutes of the court:

C. E. Bass v. C. W. Lane et al. Motion for appeal made by the plaintiff and appeal granted returnable to the honorable Supreme Court of the state of Louisiana, sitting at the city of New Orleans, Louisiana, without bond, returnable on or before November 18th, 1929."

It is stated in brief of appellee, and we assume it to be true, that the vacation period in the Tenth judicial district is August and

September. So that the ten-months term or session of the court extends from the 1st of October to the 31st of July of each year.

In Ryland v. Harve M. Wheeler Lumber Co., 146 La. 787, 84 So. 55, the judgment was rendered and signed in October, and the appeal was taken in November following. The court held that the appeal was properly taken in open court, and citation of appellee was not necessary.

The ruling was based on the constitutional requirement that district courts should hold continuous sessions during 10 months of the year (Const. 1913, art. 117), and such 10-months session was equivalent of the "term" referred to in Code Prac. art. 573.

It is clear that the appeal granted in November from a judgment rendered and signed in October was an appeal granted at the same term at which the judgment was rendered, and no citation of appeal was required.

It is quite different in the instant case. The judgment was rendered and signed at one term or session of the court, and the appeal was granted at a subsequent term or session.

The two-months vacation intervened between the two terms of court. It is the uniform ruling of this court that the omission of appellant to ask for citation of appeal and to have it served on appellee, when the order has been granted on motion in open court at a term different from that on which the judgment was rendered, is fatal to the appeal, which must be dismissed. Smith v. O'Reilly Co., 134 La. 635, 64 So. 494; King v. First Methodist Church, 137 La. 879, 69 So. 593; McGaw v. O'Bierne, 124 La. 989, 50 So. 819; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Palmisano v. Bonner, 167 La. 1014, 120 So. 630.

The failure to issue and to serve a citation of appeal in this case was attributable primarily to the appellant, who neglected to ask for such citation in his motion for the appeal. The penalty is the dismissal of his appeal.

It is accordingly so ordered.