150 So. 838

## JACOBSEN v. McGARRY.

No. 32568.

Oct. 30, 1933.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

ROGERS, Justice.

Plaintiff's suit was dismissed on an exception of no right or cause of action. The judgment was rendered on June 20, 1932, and signed on June 24, 1932. On June 20, 1933, plaintiff, by motion, obtained an order for an appeal returnable to this court on August 14, 1933. The transcript was filed on August 15, 1933, and on August 16, 1933, defendant moved to dismiss the appeal on the ground that the motion for appeal was made at a term subsequent to the one at which the judgment was rendered and signed, and was not made in open court; and on the further ground

that no citation of appeal was issued or served on the appellee or her counsel.

According to the rules of the civil district court for the parish of Orleans, the court's judicial year begins on the 1st day of October and ends on the 30th day of September. The term of the court runs from October 1st to July 15th, both inclusive, in each calendar year, and the annual vacation period commences on July 16th and ends on September 30th.

It appears, therefore, that the order of appeal was not granted at the same term at which the judgment was rendered and signed. The motion for an appeal contains no prayer for citation, and no citation was ordered issued or served.

The settled jurisprudence is that the omission of the appellant to pray for citation of appeal and to have it served on the appellee, when the order has been granted on motion at a term subsequent to the one at which judgment was rendered, is fatal to the appeal. Bass v. Lane, 169 La. 681, 125 So. 853, and the authorities therein mentioned.

But it is said on behalf of appellant that it was the duty of the clerk of court to issue a citation of appeal without any request therefor. Tennent v. Caffery, 163 La. 976, 113 La. 167, is cited in support of the proposition.

It is true, in the cited case, the court said, in referring to the two appeals granted therein on motion, that it was the duty of the clerk of the court to cause notice of appeal to be issued and served. Taylor v. Allen, 151 La. 82, 91 So. 635, was cited in support of the statement.

But in Taylor v. Allen the appeal was maintained because the appellant had actually prayed for citation, and it was obviously due to the clerk's neglect that it was not issued.

Moreover, in Tennent v. Caffery, the appellees by applying for writs took cognizance of the two appeals, and they were held to have thereby waived the want of notice or citation of appeal and to be precluded from asking dismissal on such grounds.

There are numerous cases which hold that, where the party cast applies for an appeal by motion at a term subsequent to the one at which the judgment was rendered without praying for the issuance of citation, the failure to cite the appellee is not attributable to the clerk of court, but to the fault of the appellant himself. Among the cases so holding are the following, viz.: McCutchen v. Hudson, 132 La. 177, 61 So. 157, where the jurisprudence is reviewed; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Investors' Mortgage Co. v. Aleman, 166 La. 104, 115 So. 383; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Bass v. Lane, 169 La. 681, 125 So. 853.

It is said also on behalf of appellant that his failure to pray for citation or to cause it to be served upon the appellee was a mere informality or irregularity which he was entitled to correct under the provisions of Act No. 234 of 1932, reading, in part, as follows, viz.:

"Whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or

omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."

The grounds of dismissal set forth in appellee's motion are not covered by the terms of the statute. Appellee makes no complaint of the incompleteness of the transcript and charges no error to the clerk of court or the trial judge. Nor are appellee's reasons purely technical in character.

Citation of appeal is dispensed with only when the appeal is applied for, either by petition or by motion in open court, at the same term at which the judgment is rendered. Code Prac. arts. 573, 574. Under a fiction of law the appellee is considered as then in court. But, when the term passes, the appellee is entitled to formal citation. Code Prac. arts. 581, 582, 583. In such a case citation is the ground work, and without it no proceedings can be had on the appeal. Walker v. Martolo, 16 La. 50. Hence appellee's motion to dismiss raises a jurisdictional question, not a technical question, and must prevail.

For the reasons assigned, the appeal herein is dismissed.