## BROUSSARD v. G. B. ZIGLER CO. et al.
### No. 1545.

Court of Appeal of Louisiana. First Circuit.
Jan. 28, 1936.

Emile A. Carmouche, of Lake Charles, for appellants.

Griffin T. Hawkins, of Lake Charles, for appellee.

OTT, Judge.

The minutes show that the case was tried in the district court of Jefferson Davis parish on April 16, 1935, and was to be argued and submitted after the evidence was filed; and it was agreed that the case might be argued either at Jennings or Lake Charles.

The record shows that a judgment was "read, rendered, and signed" at Lake Charles, La., on the 26th day of August, 1935. The minutes of the court of Calcasieu parish show, under date of September 17, 1935, that this case was transferred by consent of counsel to Calcasieu parish for the purpose of arguing the motion for a new trial, for decision thereon, and for appeal by either side; that on that day the motion for a new trial was argued and overruled. At the same time defendants were granted an appeal returnable to this court on October 15, 1935.

The motion to dismiss the appeal is based on the ground that the appeal was taken at a subsequent term of court from that in which the judgment was rendered and signed, and the appellee was not cited to answer the appeal in this court. From the order of appeal it does not appear that any citation of the appellee was asked for by appellants nor ordered by the court.

From the rules of the Fourteenth judicial district court, in which the parishes of Calcasieu and Jefferson Davis are included, it appears that the terms of court begin on September 1st of each year and continue throughout the district for ten months in the year, ending June 30th. It follows that on September 17, 1935, when the order of appeal was entered in the case, the court was sitting at a term of court which began September 1st.

The judgment was rendered and signed on August 26, 1935, prior to the beginning of the term of court at which the order of appeal was granted, and under repeated decisions of the courts of this state, it was necessary for a citation of appeal to issue to the appellee. As appellant did not ask for the citation of the appellee and as no such citation was ordered or issued, the appeal must be dismissed. Officer et al. v. American Ins. Co., 182 La. 1054, 162 So. 771; Jacobsen v. McGarry, 178 La. 79, 150 So. 838; Bass v. Lane et al., 169 La. 681, 125 So. 853.

Appeal dismissed.