## BOLTON v. EZNACK.

### No. 5898.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

R. B. Williams, of Natchitoches, for appellant.

A. V. Hundley, of Alexandria, for appellee.

DREW, Judge.

This is a suit for damages for personal injuries alleged to have been received by plaintiff in an automobile accident.

Judgment in the case was rendered and signed by the lower court on July 2, 1938. On the same day, plaintiff, through counsel in open court, prayed for and was granted a devolutive appeal to this court without bond and the return day fixed as of August 29, 1938. After the expiration of the said return day and on October 6, 1938, plaintiff, through counsel in open court, made motion for a devolutive appeal, which was granted without bond and made returnable here on November 3, 1938.

In this court appellee has filed a motion to dismiss the appeal for the alleged reason that the appeal was prayed for at a different term of court than the one at which judgment was rendered and signed, without citation on appellee of his motion praying for an appeal. Article 973, Code of Practice; Jacobsen v. McGarry, 178 La. 79, 150 So. 838; Bass v. Lane, 169 La. 681, 125 So. 853.

A copy of the rules of the lower court is attached to the motion, and discloses that the vacation term of the District Court for Natchitoches Parish, where this case was tried, consists of the months of August and September; therefore, the term of court in that district begins October 1st and ends July 31st of each year.

The motion would be good if it were not for the fact that the suit was filed in forma pauperis and plaintiff was relieved from furnishing all costs and bond, ordinarily required in cases of like nature, when not filed in forma pauperis. The first motion and order of appeal was entered on the same day judgment was signed. The second motion and order was entered at a different term of court from the one at which the judgment was signed. Just why counsel for appellee moved for the second appeal is unknown to us. It was entirely unnecessary. We have held many times that all that is required of an appellant to perfect an appeal to this court is that he execute and file his bond in time, and deposit, either with the clerk of the lower court or the clerk of this court, the fee required by law within the time fixed as the return day.

The duty of lodging the appeal in this court was that of the clerk of the district court and unless it was not lodged here, through some fault of the appellant, he would not be penalized for failure of the record to be lodged here within the time fixed for its return. This case, having been filed in forma pauperis and the original appeal having been granted without bond, appellant was relieved of any further duty in perfecting this appeal. The appeal, insofar as he was concerned, was automatically perfected when the order was granted by the lower court. It was the duty of the clerk to lodge the record here within the return day. It was in his custody. His failure to perform his duty cannot be visited upon appellant. The order for appeal taken last was unnecessary and, unless we should consider it as an

abandonment of the first order, it can have no effect, and we would not be justified in so considering it.

The motion to dismiss is therefore overruled.

The case was not argued here on its merits due, no doubt, to the statement made by us from the Bench that it was unnecessary, because the motion to dismiss was well founded. This statement was made at a time when we had not been informed that the suit was one filed in forma pauperis and that the appeal was granted without bond.

We therefore deem it wise to return this case to the calendar for argument on its merits and it is so ordered.