Appellee has moved to dismiss this appeal on the ground that it was applied for by motion in the District Court at a term subsequent to that at which the judgment was rendered and that citation of appeal was neither prayed for, issued nor served.
The record shows that judgment dismissing appellant's suit was rendered in the Civil District Court on January 27, 1943, and that it was signed on February 2, 1943. On January 7, 1944, at the term of court subsequent to that at which the judgment was rendered and signed, appellant filed a motion in open court for a devolutive appeal and was granted an order making the appeal returnable to this court on February 2d 1944. She failed to pray for or obtain an order for citation of appeal on appellee.
Inasmuch as the appeal was taken during a term of court subsequent to the one at which the judgment was rendered, omission to pray for citation of appeal or to cause the appellee to be cited is fatal to the appeal. See Code of Practice, Articles 573, 574, 581 and 583; Comire v. Schiro Amusement Co., 6 La.App. 441; Officer v. American Ins. Co., 182 La. 1054,162 So. 771 and Jacobsen v. McGarry, 178 La. 79, 150 So. 838, 839 and authorities cited in those matters.
Appellant, in opposing the motion to dismiss, asserts that it should not be sustained (1) because it is a well-established policy of the appellate courts to exercise the utmost liberality in admitting appeals; (2) because the jurisprudence and statutes of the state indicate that appeals should not be dismissed for mere technical errors (even in respect to citation); (3) that, even though appellee has not yet been cited to appear, citation may still issue after the return day; (4) that a motion for appeal in open court dispenses with the *Page 629 
necessity of citation as it is constructive notice of the taking of the appeal and (5) that, in any event, the appeal should not be dismissed as appellee's motion was not filed within three days after the lodging of the transcript of appeal as required by Article 886 of the Code of Practice.
There is no merit in any of the foregoing contentions and it would serve no useful purpose to discuss them in detail as all of them (except the contention that the motion to dismiss has not been timely filed) are fully answered by the opinions of the Supreme Court in Officer v. American Ins. Co. and Jacobsen v. McGarry, supra.
With respect to the proposition that appellee's motion cannot be considered because it was not timely filed, counsel for appellant cite numerous cases holding that motions to dismiss appeals, which do not strike at the foundation of the right of appeal or the jurisdiction of the appellate court, cannot be entertained unless they are filed within three days after the lodging of the transcript in the appellate court. The authorities relied on are clearly without pertinence in this case because citation of the appellee is vital and necessary in order to give the appellate court jurisdiction. Obviously, it would be preposterous to require an appellee, who has not been cited and therefore is without legal notice of the filing of the appeal, to appear and move to dismiss it within three days from the date the transcript is filed. Of course, in cases where the appeal has been taken by a motion at the same term at which the judgment was rendered, the appellee, "under a fiction of law" as said in Jacobsen v. McGarry, is considered to have notice. But where, as in this case, citation is necessary, the jurisdiction of the appellate court cannot attach to the person of the appellee until citation is issued and served.
It has been many times recognized in the jurisprudence of this state that all motions to dismiss appeals are not required to be made within three days from the date of the lodging of the transcript. In Cockerham v. Bosley, 52 La.Ann. 65, 26 So. 814, the Supreme Court said:
"And, where there has been no citation of appeal, it would be impossible to hold appellee to the rule of filing motions to dismiss within three days. He is not before the appellate court at all until cited or given notice of appeal as provided by law. He is not supposed to know there is an appeal until cited, or given notice of the taking of the appeal in open court at the session of court whereat the judgment was rendered. But if he should happen to become apprised in some other way that an appeal has been petitioned for, an order granted, and the transcript filed in the appellate court, he may at any time appear and move its dismissal for want of notice or citation, where the appearance is for that sole purpose."
In McCutchen v. Hudson, 132 La. 177, 61 So. 157, 158, the court declared:
"It is immaterial at what time a motion to dismiss an appeal for want of necessary parties is filed, or where they are not in fact cited, there is no prayer for citation, and they fail to appear whether it be filed at all, for without such parties there can be no final judgment, and this court is therefore bound in disposing of the case to take notice of their absence, and, if the failure to cite them be attributable to the fault of the appellant, must, ex propria motu, dismiss the appeal."
To the same effect, see Comire v. Schiro Amusement Co., supra, and authorities there cited.
For the reasons assigned, the appeal is dismissed.
Motion to dismiss sustained.