HAMITER, Justice.
 

 The instant consideration of this cause occurs on defendant’s motion to dismiss plaintiff’s appeal, the two grounds urged for the dismissal, to quote from counsel’s brief, being:
 

 “1. That since the appeal was made on oral motion in open Court at a term subsequent to that in.which judgment was rendered and signed and without a prayer for. or issuance of citation the appeal must-necessarily be dismissed,
 

 
 *860
 

 “2.
 
 Because the extensions of time in which to file the transcript which were procured from this Court, without notice to the appellee, were improvidently granted inasmuch as appellant concealed from the Court the fact that the delay in the filing of the stenographic note of evidence was due entirely to his own fault or laches.”
 

 The record discloses that on February 15, 1945, a civil jury in the First Judicial District Court of Caddo Parish, before whom the suit was tried, returned a verdict unanimously rejecting the demands of plaintiff. On March 17, 1945, a judgment, pursuant to the jury’s verdict and following the overruling of a motion for a new trial, was read, signed and filed. ” At a subsequent term (the court was in vacation from the middle of July, 1945, to the middle of September, 1945), specifically on February 4, 1946, -plaintiff, in proper person and through an oral motion, asked for and was' granted a devolutive appeal to this court returnable on April 4, 1946. No citation of appeal was requested and none issued.
 

 By an order dated April 5, 1946, the time for filing the transcript of appeal was extended to May 15, 1946, the basis of the order being appellant’s allegation that the testimony adduced during the trial had not been transcribed by the court stenographer. A further extension to June 1, 1946, was granted on May 14, 1946, appellant having asserted that the clerk of the district court had not had sufficient time to prepare the transcript of appeal after the filing of the note of evidence in his office.
 

 The motion to dismiss was filed on June 4, 1946.
 

 The appeal must be dismissed; the above stated first ground of appellee’s motion is clearly sustained by the uniform .jurisprudence of this court. From which it follows that the motion’s second ground need not be discussed.
 

 In the comparatively recent case of Jacobsen v. McGarry, 178 La. 79, 150 So. 838, we said:
 

 “It appears, therefore,' that the order of appeal was not granted at the same term at which the judgment was rendered and signed. The motion for an appeal contains no prayer for citation, and no citation was ordered issued o'r served.
 

 “The settled jurisprudence is that the omission of the appellant to pray for citation of appeal and to have it served on the appellee, when the order has been granted on motion at a term subsequent to the one at which judgment was rendered, is fatal to the appeal. Bass v. Lane, 169 La. 681, 125 So. 853, and the authorities therein mentioned.
 

 ******'
 

 “There are numerous cases which hold that, where the party cast applies for an appeal by motion at a term subsequent to the one at which the judgment was rendered without praying for the issuance of citation, the failure to cite the appellee is
 
 *862
 
 not attributable to the clerk of court, but to the fault of the appellant himself. Among the cases so holding are the following, viz: McCutchen v. Hudson, 132 La. 177, 61 So. 157, where the jurisprudence is reviewed; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Investors’ Mortgage Co. v. Aleman, 165 La. 104, 115 So. 383; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Bass v. Lane, 169 La. 681, 125 So. 853.
 

 * * * * *
 

 “Citation of appeal is dispensed with only when the appeal is applied for, either by petition or by motion in open court, at the same term at which the judgment is rendered. Code Prac. arts. 573, 574. Under a fiction of law the appellee is considered as then in court. But, when the term passes, the appellee is entitled to formal citation. Code Prac. arts. 581, 582, 583. In such a case citation is the ground work, and without it no proceedings can be had on the appeal. Walker v. Martolo, 16 La. 50. Hence appellee’s motion to dismiss raises a jurisdictional question, not a technical question, and must prevail.”
 

 But the counsel appearing for appellant here (he was not an attorney of record in the district court) argues in his brief that:
 

 “Plaintiff, as above stated, was not at the time represented by an attorney, consequently he had no knowledge of Court proceedings, yet there was no one present with enough of the ‘Milk of Human Kindness’ to warn him that a citation of appeal might be necessary since the appeal was moved for at a subsequent term of court.
 

 “Defendant was represented by counsel who were present in open court at the time the motion for appeal was made. Defendant had as much knowledge that an appeal had been moved for and granted in open court as if he would have later had from a citation of appeal on either defendant or his attorneys.”
 

 It is unfortunate, we agree, ¿hat plaintiff was not familiar with the requisite procedure for perfecting the appeal and that he received no helpful advice from any one. Nevertheless, such unfamiliarity and lack of a competent adviser at the time will not excuse noncompliance with a mandate of the law.
 

 As to defendant’s having had knowledge of the granting of the appeal, this court observed in McCutchen v. Hudson, 132 La. 177, 61 So. 157, 160, that:
 

 “Counsel for defendant argues. that the prayer for general relief in his motion for appeal should be held to include a prayer for the citation of the appellees; * * * that, though the appellees were not cited, their counsel knew that the appeal had. been allowed, and they should be held bound by such knowledge; * * *.
 

 “The propositions thus stated are in conflict with well-settled jurisprudence and principles, and are untenable.”
 

 The appeal is dismissed.