ELLIS, Judge.
This is an action by plaintiff against the defendant, wherein judgment was rendered in the lower court in favor of the defendant. The plaintiff has devolutively appealed and the defendant has filed a motion to dismiss this appeal.
The judgment upon which the appeal is based was rendered on March 16, 1953 and signed on March 20, 1953. On November 16, 1953 the plaintiff-appellant in open court filed a written motion for a devolutive appeal, procured the signature of the Judge thereon and filed same with the Clerk of Court.
Aside from the usual preamble in such a motion it contains nothing more than the following:
“It is ordered that a devolutive appeal' be granted to the said David K. Roberson, plaintiff, returnable to the Honorable Court of Appeal of Louisiana, First Circuit, on the 31st day of December, 1953, upon the said party furnishing bond, with good and solvent security in the sum of $50.00.”
The above recitation is followed by the signature of the Judge and the attorney for the plaintiff-appellant. Nowhere is there a prayer for citation of the defendant-appel-lee nor does the record disclose that any was issued or served.
It is admitted that this motion and order for appeal was made and granted at a term of Court subsequent to that during which the judgment was rendered.
The motion to dismiss is based upon the grounds that when an order of appeal is taken at a term of court subsequent to that in which the judgment • was rendered it must contain a prayer for citation, and this citation must be made. It is contended herein no citation of appeal was asked for, granted or made, and that the appeal must be dismissed.
There is nothing in this record to show that a citation of appeal was asked for or was ever made. However, the plaintiff-appellant, while granting this, contends that he gave a copy of the motion to counsel for the defendant with the request that he endorse an acceptance of service on the original ; that counsel for the defendant stated he would do so, but never did. Counsel for the defendant admitted in oral argument before this Court that he was present in Court and a copy of the motion was handed him.
In discussing the requirement of a prayer for an issuance of a citation of appeal when *362 it is taken at a term of court subsequent to the term in which the judgment was rendered, our Supreme Court in Graves v. D’Artois, 210 La. 857, 28 So.2d 457, 458, said:
“ ‘It appears, therefore, that the order of appeal was not granted at the same term at which the judgment was rendered and signed. The motion for an appeal contains no prayer for citation, and no citation was ordered issued or served.
“ ‘The settled jurisprudence is that the omission of the appellant to pray for citation of appeal and to have it served on the appellee, when the order has been granted on motion at a term subsequent to the one at which judgment was rendered, is fatal to the appeal. Bass v. Lane, 169 La. 681, 125 So. 853, and the authorities therein mentioned.
******
u ‘There are numerous cases which hold that, where the party cast applies for an appeal by motion at a term subsequent to the one at which the judgment was rendered without praying for the issuance of citation, the failure to cite the appellee is not attributable to the clerk of court, but to the fault of the appellant himself. Among the cases so holding are the following, viz: McCutchen v. Hudson, 132 La. 177, 61 So. 157, where the jurisprudence is reviewed; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Investors’ Mortgage Co. v. Aleman, 165 La. 104, 115 So. 383; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Bass v. Lane, 169 La. 681, 125 So. 853.
******
“ ‘Citation of appeal is dispensed with only when the appeal is applied for, either by petition or by motion in open court, at the same term at which the judgment is rendered. Code Prac. arts. 573, 574. Under a fiction of law the appellee is considered as then in court. But, when the term passes, the appel-lee is entitled to formal citation. Code Prac. arts. 581, 582, S'83. In such a case ■citation is the ground work, and without it no proceedings can be had on the appeal. Walker v. Martolo, 16 La. 50. Hence appellee’s motion to dismiss raises a jurisdictional question, not a technical question, and must prevail.’ ” ¡
In the Graves case it was contended that the plaintiff-appellant was not represented by an attorney in the District Court and consequently he had no knowledge of the necessity of a citation; that the defendant was represented by counsel, present in open court at the time the motion for an appeal was taken and consequently had as much notice as he would have had if a citation had been issued later upon either him or his attorneys. The Court dealt with this ■contention by the language following:
“It is unfortunate, we agree, that plaintiff was not familiar with the requisite procedure for perfecting the appeal and that he received no helpful advice from any one. Nevertheless, such unfamiliarity and lack of a competent adviser at” the time will not excuse noncomplian'ce with a mandate of the law.
“As to defendant’s having had knowledge of the granting of the appeal, this court observed in McCutchen v. Hudson, 132 La. 177, 61 So. 157, 160, that:
“ ‘Counsel for defendant argues that the prayer for general relief in his motion for appeal should be held to include a prayer for the citation of the appellees; * * * that, though the appellees were not cited, their counsel knew that the appeal had been allowed, and they should be held bound by such knowledge; * * *.
“ ‘The propositions thus stated are in ■conflict with well-settled jurisprudence and principles, and are untenable.’ ”
Appellant cites in support of his contentions the case of Wiltz v. Home Building & Loan Ass’n, La.App., 24 So.2d 204, m which *363 a citation was issued and served upon the attorney of record. The Wiltz case,, supra, is therefore inapposite to the case at bar. .
" For the reasons assigned, the motion to dismiss is sustained and the appeal dismissed without prejudice at appellant’á cost.