GLADNEY, Judge.
From a judgment granting a writ of pre-' liminary injunction restraining him from practicing medicine without a license, the defendant has appealed.
Our attention is directed to a motion by appellee to dismiss the appeal in that it was sought to be accomplished by written mo *842 tion taken during the vacation of court, and citation of appeal to and service upon ap-pellee was neither prayed for nor obtained. The record supports the facts asserted in the motion to dismiss and it will be sustained.
By brief, and in opposition to the motion to dismiss, counsel for appellant argues: (1) that citation of appeal was waived by silence after a copy of appellant’s motion had been mailed to the attorney for ap-pellee ; (2) that it was the responsibility of the clerk of the District Court to cause to be issued the citation of appeal, if so required by law; and (3) that the procedure followed to obtain the appeal is sanctioned by LSA-R.S. 13:4207 to 13:4210, formerly C.P. art. 542.2.
The first contention has not been established. Waiver of citation and service is permissible but must be shown by consent or conduct. Here, there is not the slightest indication of waiver and appellee has been diligent in asserting his right to have the appeal dismissed. Secondly, the failure to pray for citation of appeal and service in appellant’s motion relieved the clerk of any duty in that respect. Appellant’s third contention is equally untenable. The section of the Revised Statutes relied upon is found in Chapter 23, which relates particularly to “Judgments.” LSA-R.S. 13:4208 authorizes during the vacation of court the rendition of judgments and the taking of appeals therefor, and further it prescribes how notice of a decree or judgment shall be given. The purpose of the legislation is to give validity to judgments rendered and appeals taken at a time when court was not open and to prescribe the manner in which notice of such decrees shall be given, from which begins the delay for taking an appeal. How the appeal shall be taken is not affected thereby. The manner in which an appeal should be accomplished is regulated by C.P. arts. 573, 575, 581 and 583.
Although appeals in Louisiana are favored and will not be dismissed on mere technicalities, C.P. 898; R.S. 13:4433 certain fundamental principles have been set out in the Code of Practice which generally control the effect to be given to an appeal. Thus, appeals must be taken by petition, or by motion in open court at the same term at which the judgment was rendered, which has been interpreted to mean signed. And when the appeal has been granted upon motion in open court at the same term at which the judgment is signed, no citation of appeal or other notice to appellee shall be necessary. After the appeal has been taken and security given, as directed by the court, the clerk shall deliver a copy of the petition of appeal to the sheriff to be served on the appellee, together with a citation to appear before the court of appeal and answer. C.P. arts. 573, 574, 581 and 583.
An appeal shall be dismissed where appellant fails to pray for and cause citation of appeal to be served upon appellee where the appeal is not made at a term in which the judgment was signed. Smith v. O’Reilly Elevator Co., 1914, 134 La. 635, 64 So. 494; King v. First Methodist Church, 1915, 137 La. 879, 69 So. 593; McGaw v. O’Bierne, 1909, 124 La. 989, 50 So. 819; Ducre v. Succession of Ducre, 1928, 167 La. 133, 118 So. 864; Palmisano & Palmisano v. Bonner, 1929, 167 La. 1014, 120 So. 630; Bass v. Lane, 1930, 169 La. 681, 125 So. 853; Jacobsen v. McGarry, 1933, 178 La. 79, 150 So. 838; Roy v. Succession of Vercher, La.App.1934, 152 So. 385; Pool v. Gaudin, 1945, 207 La. 403, 21 So.2d 424; Graves v. D’Artois, 1946, 210 La. 857, 28 So.2d 457; Berg v. Home, La.App.1946, 26 So.2d 753; Bolton v. Mansfield Hardwood Lumber Company, La.App.1954, 70 So.2d 228.
In Jacobsen v. McGarry, supra, in commenting upon the basis for dismissing of the appeal upon circumstances similar to those presented here, the court said in 150 So. at pages 838, 839:
“There are numerous cases which hold that, where the party cast applies for an appeal by motion at a term subsequent to the one at which the judgment was rendered without praying for the issuance of citation, the failure *843 to cite the appellee is not attributable to the clerk of court, but to the fault of the appellant himself. * * *
“Citation of appeal is dispensed with only when the appeal is applied for, either by petition or by motion in open court, at the same term at which the judgment is rendered. Code Prac. arts. 573, 574. Under a fiction of law the appellee is considered as then in court. But, when the term passes, the appellee is entitled to formal citation. Code Prac. arts. 581, 582, 583. In such a case citation is the ground work, and without it no proceedings can be had on the appeal. Walker v. Martolo, 16 La. 50. Hence appellee’s motion to dismiss raises a jurisdictional question, not a technical question, and must prevail.”
For the reasons herein given this appeal is dismissed at appellant’s cost.