TATE, Judge.
The payee of a promissory note sought and obtained judgment against the maker for the amount of the note ($1,289.81), plus interest and attorney’s fees; from which judgment defendant devolutively appeals.
Plaintiff-appellee’s motion to dismiss the appeal must be maintained.
The judgment herein was rendered and signed on March 18, 1957. A devolutive appeal was taken by motion in open court on October 30, 1957, in what is admitted to be the next succeeding term of court. No citation of the appellee was prayed for or issued, nor does the record reflect that citation was waived.
An appeal may be taken in. open court by oral or written motion rather than by petition, without citation of the appel-lee, only at the same term in which the judgment was rendered. Art. 573, Code of Practice. If taken in another term than that in which the judgment was rendered, citation of the appellee (unless waived) is essential to the validity of the appeal. Graves v. D’Artois, 210 La. 857, 28 So.2d 457; Officer v. American Ins. Co., 182 La. 1054, 162 So. 771; Roberson v. Isacks, La. App. 1 Cir., 71 So.2d 361.[1]
*497 Based upon the circumstance that the return day of the appeal was November 30, 1957 while the plaintiff-appellee’s motion to dismiss the appeal was not filed in this court until January 14, 1958, defendant-appellant states that the defect complained of is a mere irregularity in the order of appeal such as is waived if not raised by motion to dismiss or answer filed within three days of the return date. Articles 886, 590, C.P.; Guillory v. Reimers-Schneider Co., La.App. 1 Cir., 94 So.2d 134. However, absence of citation in circumstances such as the present is jurisdictional and strikes at the foundation of the right of appeal and thus may be raised at any time. McCutchen v. Hudson, 132 La. 177, 61 So. 157, Haydel v. Major, La.App. Orleans, 19 So. 2d 628.
The cases relied upon by defendant-appellant, Pool v. Gaudin, 207 La. 403, 21 So.2d 424 and Wiltz v. Home Bldg. & Loan Ass’n, La.App. 1 Cir., 24 So.2d 204, affirm the foregoing jurisprudence but simply held that when citation was actually issued-and served upon the appellee prior to the return date, the appeal will not be dismissed even though the motion or petition erroneously did not pray for such citation, the actual citation curing such irregularities. In the present case, no such citation took place. Likewise, the informal notice of the appeal to counsel for appellee by mailing to him a certified copy of the motion and order therefor does not, as argued, cure the lack of the essential citation. Roberson v. Isacks, La.App. 1 Cir., 71 So.2d 361.
For the above and foregoing reasons, appellee’s motion to dismiss the appeal is maintained.
Appeal dismissed.

. In fact, even an appeal taken by motion in the same term as the judgment, if taken in chambers, is defective if there is no citation, Resweber v. Jacob, 229 La. 355, 86 So.2d 64; the distinction being that “under a fiction of law, the appellee is considered then in court” and thus charged with notice if the appeal is taken in open court at the same term, Jacobsen v. McGarry, 178 La. 79, 150 So. 838, 839.