SIMON, Justice.
The instant partial consideration of this cause is presented by a codefendant-appel-lee’s motion to dismiss plaintiff’s appeal insofar as it affects him. The ground urged for the dismissal is that no citation of appeal was issued or served, and none was asked for by appellant.
The record discloses that the judgment ot the Seventh Judicial District Court in this cause was rendered on June 28, 1957. At a subsequent term,[1] specifically on May 23, 1958, different from that in which the judgment was rendered, plaintiff-appellant filed *104 ■a petition asking for, and which was granted, a devolutive appeal to this Court returnable on July 22, 1958, the return date being •subsequently extended to September 15, 1958.
It is significant that, in his petition for a devolutive appeal, appellant asked for an appeal and prayed that citation issue and be served only as against the defendant-appellee, R. A. Graham, and not as against the mover, Charles T. Davis. The order granting the appeal dated May 23, 1958, is directed exclusively against the said Graham, it being silent as to Davis. Thus, it must be conceded that an appeal was not asked for as against Davis, none was granted in the order of the lower court, and that manifestly no citation of appeal was issued or served on him. As to Davis, it appears that the first notice of an appeal having been granted and perfected was a receipt by him of a postcard from the Clerk’s Office of this Court, dated New Orleans, September 15, 1958, informing him of the filing of the transcript of appeal.
The motion on the part of Davis to dismiss the appeal as to him was filed November 21, 1958.
It would subserve no useful purpose to review the rulings made in the cases cited below or to quote from the pertinent articles of the Code of Practice which prescribes the rules regulating appeals. It suffices to say that the jurisprudence is uniform to the effect that when an appeal has been taken by motion in open court, at a term subsequent to the term in which the judgment was rendered, and no citation to appear in the appellate court was asked for or issued, a motion to dismiss the appeal must prevail. De St. Romes v. Macarty, 21 La.Ann. 277; Wheeler & Pierson v. Peterkin, 38 La.Ann. 663; Smith v. O’Reilly Elevator Co., 134 La. 635, 64 So. 494; King v. First Methodist Church, 137 La. 879, 69 So. 593; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Palmisano & Palmisano v. Bonner, 167 La. 1014, 120 So. 630; Bass v. Lane, 169 La. 681, 125 So. 853; Jacobsen v. McGarry, 178 La. 79, 150 So. 838; Officer v. American Ins. Co., 182 La. 1054, 162 So. 771.
In the recent case of Graves v. D’Artois, 210 La. 857, 28 So.2d 457, 458, we quoted approvingly from Jacobsen v. McGarry, supra, wherein we said:
“ Tt appears, therefore, that the order of appeal was not granted at the same term at which the judgment was rendered and signed. The motion for an appeal contains no prayer for citation, and no citation was ordered issued or served.
“ ‘The settled jurisprudence is that the omission of the appellant to pray for citation of appeal and to have it served on the appellee, when the order has been granted on motion at a term subsequent to the one at which judgment was rendered, is fatal to the appeal. Bass v. Lane, 169 La. 681, 125 So. 853, and the authorities therein mentioned.

“ ‘Citation of appeal is dispensed with only when the appeal is applied for, either by petition or by motion in open court, at the same term at which the judgment is rendered. Code Prac. arts. 573, 574. Under a fiction of law the appellee is considered as then in court. But, when the term passes, the appellee is entitled to formal citation. Code Prac. arts. 581, 582, 583. In such a case citation is the ground work, and without it no proceedings can be had on the appeal. Walker v. Martolo, 16 La. 50. Hence appellee’s motion to dismiss raises a jurisdictional question, not a technical question, and must prevail.’ ”
In the instant case the failure to ask for, and to issue and to have served a citation of appeal, was attributable solely to appellant. The penalty is a dismissal of his appeal insofar as the defendant Charles T. Davis is concerned.
It is accordingly so ordered.

. The court was in vacation during the months of July and August, 1957, a new term beginning on September 1, 1957 and continuing until June 30, 1958, this being the prevailing order under its rules.